O’NIELL, Chief Justice.
 

 This is a petitory action, to recover 80 acres of land which the defendant possesses under a tax title. The land is in Bossie’r parish and is described as the E.% of N. E.% of section 8, in T. 17 N., R. 11 W. The plaintiffs are the heirs of Jackson Gayle, who acquired the land from the United States by patent dated March 20, 1877, and who died on September 19, 1900. The defendant is the daughter and only heir of R. B. Hill, who bought the land at a tax sale on the 24th of June, 1905, for the delinquent taxes of 1904, and who died on the 9th of November, 1927. The defendant pleaded that her tax title was protected by the prescription or peremption of 3 years, under article 233 of the Constitution of 1898 and of the Constitution of 1913, now section 11 of article 10 of the Constitution of 1921, declaring that no sale of property for taxes shall be set aside for any cause, except on proof of payment, before the date of sale, of the taxes for which the property was sold, unless the proceeding to annul the sale is instituted within 3 years from the date
 
 *943
 
 of the recording of the tax deed. The defendant pleaded also the prescription o'f 10. years, acquirendi causa, under article 3478 of the Civil Code. .The judge referred the pleas of prescription to the merits; whereupon the defendant answered the suit and asked for confirmation of her tax title. The - judge, after hearing the evidence, gave judgment for the defendant, rejecting the plaintiffs’ demand and confirming the defendant’s tax title. The plaintiffs are appealing from the decision.
 

 Our opinion is that the defendant’s title is protected by the prescription or peremption of 3 years. There is no dispute about the facts of the case. Jackson Gayle, the ancestor of the plaintiffs, was an illiterate man, whose name sometimes was spelled Jackson Gills, or Jack Gills. The patent, dated March 20, 1877, was issued in the name Jack Gills. He and his wife and children resided on the 80 acres of land for several years before the date of the patent and continued residing there for 8 or 9 years afterwards; that is, until 1885 or 1886, when they moved to Webster parish. They never afterwards occupied the 80 acres of land now in contest. The assessment for the taxes of 1904, under which the land was sold to R. B. Hill, was made in the name Jack Gayle; but the land was described as the E.% pf S.W.J4, instead of E.% of N.E.1/4, of Sec, 8, T. 17, R. 11. The deputy assessor who made the assessment discovered his mistake, and corrected it by drawing a line through the “S.W.%.” and writing over it “N.E.Ji,” about 2 weeks before the date of the sale. Three weekly publications of the intended sale, that is, the publications of date May 25, June 1, and June 8, 1905, carried-the wrong description; but the two publications, of date June 15, and June 22, carried the correct description of the 80 acres to be sold. In each one of the five publications the name Jack Gayle was given as the name of the owner of the land.
 

 The plaintiffs contend that the error in the description of the land, in the assessment as originally made, was so. great that there was virtually no assessment of the land belonging to Jackson Gayle. Hence the plaintiffs rely upon the decisions which maintain that, if a sale, made by a ,tax collector and purporting to be a sale for delinquent taxes, is not preceded by any assessment at all of the property intended to be assessed, the sale is absolutely null, and being not in reality a “tax sale,” is not protected by the peremption of 3 years, provided for in the Constitution, The decisions to that effect are Guillory v. Elms,
 
 126
 
 La. 560, 52 So. 767; Morton v. Xeter Realty, 129 La. 775, 56 So. 883; Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921; Mecom v. Graves, 148 La. 369, 86 So. 917; Hollingsworth v. Schanland, 155 La. 825, 99 So. 613, and Close v. Rowan, 171 La. 263, 130 So. 350.
 

 The rule is different, however, if a tax sale is made Under an assessment in the name of the owner of the property, and if an error is made in the description of the land intended to be assessed. In such a case, the tax sale made under the assessment is valid if, notwithstanding the error in the description in the. assessment, the land can be identified by the description
 
 *945
 
 given, without the necessity of resorting to evidence outside of the assessment itself. Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790; Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195. In fact it is so declared in section 3 of Act No. 140 of 1890, p. 180, viz.:
 

 “That no assessment or tax sale shall be set aside or annulled for any error in description or measurement of the property assessed, in the name of the owner, provided the property assessed or sold can be reasonably identified.”
 

 The object of the act of 1890 is declared in its title to be to define what shall constitute a legal description in a tax assessment or tax sale, and to “validate all tax sales based thereon.” In the first section of the act it is declared that “such a description as will reasonably identify the property” will suffice. In the second section it is said to be sufficient to assess and advertise the property in the name of the person whom the conveyance records show to be the owner, whether he be dead or alive, or in the name of the real owner, or in the name of the fiduciary if the property be held in trust. In the third section, which we have quoted, is the repetition that all that is essential to the validity of the assessment, in the way of a description, is one by which the property “can be reasonably identified.” And in the fourth section it is declared:
 

 “That the tax sale shall convey and the purchaser shall take the entirety of the property, neither more nor less, intended to be assessed and sold and such as it was owned by the delinquent tax payer, regardless of any error in the dimensions or description of the property assessed and sold and the tax collector in the advertisement or deed of sale, may give the full description according to original titles.”
 

 If a tax sale is made under an assessment in which the description of the property is so defective or imperfect that resort must be had to evidence outside of the assessment, in order to identify the property intended to be assessed, but if the property intended to be assessed can be identified by such outside evidence, the invalidity in the tax sale is cured by the prescription or peremption of 3 years. Close v. Rowan, 171 La. 263, 130 So. 350.
 

 Aside from the fact that the error in the description in the assessment of the land, in this case, was corrected before the sale was made, our opinion is that the land could have been identified by the description in the assessment, taken in connection with the fact — which was proved on the trial of this case, and was not disputed — that Jackson Gayle did not own any other land except the 80 acres described as the E.% of N.E.% of section 8, T. 17 N., R. 11 W. It is well settled that the identification of the land intended to be assessed, when there is an error in the description in the assessment, may be established by proof that the party in whose name the land was assessed owned only one tract of land within the area or subdivision mentioned in the assessment. Weber’s Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault’s Estate, 128 La. 453, 54 So. 939; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Close v. Rowan, 171 La. 263, 130 So. 350.
 
 *947
 
 In the present case the description of the land intended to be assessed was accurate in every respect, except as to the one of- the four quarter sections in which the 80-acre subdivision was located. The name of the owner of the E.% of N.E.J4 of section 8, T. 17 N., R. 11 W., was given; and his post office address, Koran, which is in Bossier parish, was stated. The area of the tract, 80 acres, was stated; the subdivision of the quarter section, E.%, was stated; and the number of the section, and the number of the township and range, were stated correctly. The only error was in the location or designation of the quarter section— as the S. W.J4 instead of N!
 
 EM
 
 — of which the E.% was intended to be assessed. Anyone knowing that a man named Jack Gayle, whose post office address was Koran, in the parish of Bossier, had a recorded patent for the 80 acres of land forming the E.% of the N.
 
 EM
 
 of section 8, in T. 17 N., R. 11 W., and knowing that nobody named Jack Gayle owned any other land in the parish of Bossier, would have no doubt whatever about the identity of the land that was intended to be assessed in this instance. In the case of Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790, 791, Hollingsworth, whose land was assessed and sold for taxes, owned 560 acres in section 16, in T. 19 N., R. 11 W., the 560 acres being all of the section except the 80 acres forming the W.% of the N. W.J4- The land was assessed and sold as the 560 acres constituting all of section 16 except the W.% of the N.
 
 EM.
 
 By that mistake the
 
 W-Yz
 
 of the N. E.%, which Hollingsworth owned, was omitted, from the description in the assessment and in the tax deed; and the W.% of the N. W.%, which Hollingsworth did not own, was included in the assessment and in the tax sale. It was held that the tax sale conveyed a valid title for the 80 acres forming the W.% of the N. E.%, which Hollingsworth owned. It was said:
 

 “The error in omitting from the assessment the W.% of N.
 
 EM,
 
 which plaintiff did own, and the inclusion in the assessment of the
 
 WJ/2
 
 of the N.
 
 WM,
 
 which plaintiff did not own, was, to say the least, an apparent clerical error of little importance to the validity of the assessment otherwise. It is certainly not such a serious error as to justify the setting aside of a tax sale, even when such sale is not protected by the lapse of the period of limitation of the right of action.
 

 “The plaintiff owned 560 acres in section 16, and he was assessed with exactly that acreage with a correct description except as to the 80 acres mentioned. The assessment and sale may therefore be regarded as including all the land plaintiff owned in section 16.”
 

 The authority for correcting the description on the assessment roll, in this case, by drawing, a line through “S.W.^4” and writing over it “N.E.J4,” was in section 70 of Act No. 170 of 1898, under which the assessment was made, viz.:
 

 “That if any error in the description of any property or owner’s name be discovered by the tax collector or sheriff, it shall be his duty to note the correct description and name on the tax rolls, and to advertise and sell said property by its correct description;
 
 *949
 
 provided, no such change shall be made without ten days’ notice to the real owner of such property, and the proof of such service [of the notice] shall be in writing and filed in the tax collector’s office.”
 

 In Hollingsworth v. Schanland, 155 La. 825, 99 So. 613, the court approved a correction made by the tax collector, on the tax roll, by the substitution of the name, G. W. Hollingsworth, for the Succession of A. H. Hollingsworth, and by changing the number of the section, from 6 to 16.
 

 The fact that the correction, in the present instance, was made by a deputy assessor, instead of being made by the tax collector, is a matter of no importance, especially after the lapse of 3 years from the date of th’e recording of the tax sale. Neither is the fact important that the sale was made on the 30th day after the first publication of the notice of sale, instead of being made after the 30 days had elapsed. After 3 years from the date of the recording of a tax sale have elapsed, it is a matter of no importance to the validity of the sale ’‘whether the owner, not in possession, has been notified of the intention to sell or has not been notified, or whether the sale has been advertised or has not been advertised.” Weber’s Heirs v. Martinez, 125 La. 663, 667, 51 So. 679, 681, citing Little River Lumber Co. v. Thompson, 118 La. 284, 42 So. 938. Two of the plaintiffs in this case testified that there was no notice given of any intention on the part of the tax collector or the assessor or deputy assessor to make a change in the description of the land assessed. But, according to the decisions which we have just cited, a cause of action founded upon a failure to give such a notice is barred by the statute of limitation or peremption of 3 years.
 

 Our conclusion that this suit is barred by the prescription or peremption of 3 years makes it unnecessary to consider the defendant’s plea of prescription of 10 years.
 

 The judgment is affirmed.