ODOM, Justice.
 

 Robert Jackson, alleging that he was the sole surviving heir of his parents, Willis Jackson and Easter Johnson, brought this suit against Robert R. Irion to have can-celled and erased from the records a tax sale and deed made to said Irion on June 28, 1927. Plaintiff filed his suit on May 25, 1939, more than 10 years after the tax deed to Irion was recorded.
 

 The property was sold for the taxes of 1926 under the following assessment:
 

 “Jackson, Willis
 

 “One City Lot at Eola”
 

 The property sold is described in the tax deed as follows: “One City Lot in Eola”.
 

 
 *731
 
 Defendant filed pleas of three years’ peremption (the peremptive period under the Constitution of 1921, prior to its amendment in 1927 and in 1932) and of five years’ peremption, as provided for by Article X, Section 11, of the Constitution, as amended. He also filed a plea of prescription of 10 years. These pleas were sustained by the trial judge, and plaintiff’s suit was dismissed. From that judgment he prosecutes this appeal.
 

 While in his petition plaintiff attacked the sale on several grounds, each of these seems to have been abandoned except the one alleging that the description of the-property assessed and sold at tax sale is too vague and indefinite to identify any property, and for that reason there was in fact and in law no sale at all.
 

 It is needless to cite authorities to support the proposition that a tax sale which describes no property, or which contains a description so vague, indefinite, and uncertain that the property intended to be sold cannot be identified, is no sale at all, and the peremptive periods specified in the Constitution do not apply.
 

 The jurisprudence applicable to cases of this kind was concisely stated by this court, through the Chief Justice as its organ, in a very recent case, that of Tillery v. Fuller, 190 La. 586, 182 So. 683, 704, as follows:
 
 “A
 
 tax sale made under an assessment in which the description of the property intended to be assessed is so defective that resort must be had to evidence outside of the assessment’ roll in order to identify the property intended to be assessed is protected by the limitation of three years if the assessment was made in the-name of the true owner, or owner of record, of the property intended to be assessed,, and if the identity of the property intended to be assessed is established unmistakably by such outside evidence. Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498.”
 

 In the same opinion we said: “In such cases the identification of the property intended to be assessed may be confirmed by-proof that the party in whose name the property was assessed did -not own any other property in the section or other subdivision given in the assessment. Weber’s Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault’s Estate, 128 La. 453, 54 So. 939; Vannetta v. Busbey, 131 La. 681, 60 So. 76; Landry v. McWilliams, 135 La. 655, 65 So. 875; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498.”
 

 It would subserve no useful purpose to-review the jurisprudence further. It suffices to say that the property here involved was assessed in the name of the true or record owner, and that the description on the assessment roll and in the tax deed was, such as to enable the tax purchaser to identify the property and to enable the parish surveyor to find it on the ground; and further, that the testimony taken at the trial showed that the record owner of the lot sold owned no other property in the vicinity of Eola or elsewhere in the parish.
 

 Eola is not a village or a town, but is. rather a community or. settlement which.
 
 *733
 
 bears the name of a railroad station near by. There are no streets or blocks laid off. The testimony shows that more than 40 years ago a man by the name of Jase, who owned a tract of land near the railroad station Eola, sold to each of 9 or 10 persons a lot or plot of ground. These lots or plots are of varying sizes, shapes, and dimensions, and are all grouped together, as shown by a map filed, in one large plot approximately 900 feet by 600 feet. The purchasers of these lots were colored people, who built their homes there; Willis Jackson being one of them. This settlement was referred to generally as “Eola Freetown”, and the testimony shows that the people generally knew what was meant when a lot in or at Eola was referred to. There is no other Eola in the Parish of Avoyelles —no other settlement by that name.
 

 The parish surveyor made a plat of this Eola settlement in 1938, which plat is in the record. He testified that, when he was requested to make the survey and plat, he went to Eola and asked some of the settlers to show him the Willis Jackson lot, and that they promptly did so. He said he found no trouble whatever in locating the Willis Jackson lot. In making the survey and plat, he used the descriptions found in the deeds made by Jase to the various purchasers.
 

 That the tax purchaser did locate the property and take possession of it after his purchase is not disputed. In fact, one of the main questions raised at the trial of the case related to the date on which he took possession. He pleaded the prescription of 10 years, and in order to sustain that plea he introduced testimony tending to show that he took physical possession of the property more than 10 years prior to the date on which the suit was filed. The plaintiff, however, without denying that defendant had taken possession of the property, testified that he himself physically occupied the property several years after the sale. The purpose of this testimony was to defeat defendant’s 10-year prescriptive plea.
 

 It is suggested by counsel for plaintiff that the testimony does not show that the record owner of the lot at the time of the assessment and sale owned no other property at or in Eola.. The only testimony touching this point was that of Miss Irma Rose Edwards, deputy tax assessor, who said that there was no other property assessed in the name of Willis Jackson in the Parish of Avoyelles in the year 1926.
 

 Counsel for plaintiff suggest that this testimony was not sufficient to establish the fact that Willis Jackson owned no other property at Eola at that time. The testimony of the deputy assessor was sufficient, we think, at least to make out a prima facie case that the tax debtor owned no Other property, and, since plaintiff offered no testimony in rebuttal touching this point, we think it is sufficient proof that this lot was the only one owned by Willis Jackson at the time.
 

 Counsel for plaintiff cite a number of cases decided by this court and the courts of appeal holding that tax sales were null because of uncertainty or inadequacy of description of the property sold. A review of the cases cited shows that there is no conflict between the ruling'in the cited
 
 *735
 
 cases and that in the case of Tillery v. Fuller, supra. The cases generally hinge on the point as to whether the description was such as to enable interested persons to identify the property. Conditions and circumstances vary widely in cases of this kind, and for that reason each case is authority only for the particular point decided. But the general rule is stated in Tillery v. Fuller, supra, and, applying the general rule there stated, we conclude, under the facts disclosed in this case, that the ruling of the trial judge sustaining defendant’s pleas of peremption was correct-
 

 judgment affirmed.
 

 Ó’NIELL, C. J., does not take part.