AYRES, Judge.
This is a petitory action in which plaintiff seeks the correction of an erroneous tax assessment for the year 1932 of 40 acres of land in Sabine Parish, Louisiana, as well as the correction of the advertisement and adjudication thereof to the State of Louisiana and a patent subsequently issued by the State of Louisiana to plaintiff, James J. Cobbs. He asserts ownership of the property and accordingly prays that he be so decreed and recognized and as such entitled to the full and undisturbed possession thereof.
The material facts may be briefly stated. Mrs. Jane Kirkpatrick acquired by deed dated January 9, 1920, and duly recorded in the Conveyance Records of Sabine Parish, Louisiana, the NWJ4 of the NWj4 and the N% of the SWj4 of the NWJ4, Section 6, Township 8 N., R. 10 West, Sabine Parish, Louisiana. From 1920 to, and including, 1931, the property was properly assessed by its true description. However, on the assessment rolls for 1932 the property was assessed and described as the NEJ4 of the NEj4 and the N% of the SE14 of the NEJ4 of said section, township and range. The taxes on this property under that assessment were not paid. Of the property described in the assessment of 1932 the NE14 of the NE}4 was owned by the Fannie Penn Estate and the Nj/S of the SEi/j of the NEJ4 was owned by J. I. Wynn, both of whom paid their taxes in *369 January, 1933. The taxes were never paid under this assessment, or on the property actually owned by Mrs. Kirkpatrick for 1932. Accordingly, on October 21, 1933, as evidenced by an instrument or deed to that effect, duly recorded in the Conveyance Records of said Parish, an adjudication under this assessment was made to the State of Louisiana.
Plaintiff, with the intention of making application for a homestead entry on the Jane Kirkpatrick land, established his residence thereon and moved his family on this property during 1947, since when he has continued to occupy this property as his home. He has improved the property by clearing and cultivating a portion of the land, by erecting fences and building additional rooms to a small house which was already on the property. He moved on the property that was actually owned by Mrs. Kirkpatrick at the time the assessment was made. That was the only property owned by Mrs. Kirkpatrick in Sabine Parish, or in Ward 4 of said Parish.
In due course, under date of October 2, 1953, a patent was issued by the State to plaintiff wherein the property was described as originally set out in the assessment, advertisements and adjudication to the State. This patent was filed for record and duly recorded in the Conveyance Records of that Parish.
The defendants at interest are the heirs of Mrs. Jane Kirkpatrick; Robert B. Jackson, Tax Assessor; T. M. Phillips, Sheriff and Ex-Officio Tax Collector, and Ellen Bryan Moore, Register of the State Land Office. As to these officials issue was joined by the filing of their pro forma answers. The other defendants, the heirs of Mrs. Kirkpatrick, first filed exceptions of no cause and of no right of action, which were referred to the merits, -and, in their answer, alleged that the tax sale referred to in plaintiff’s petition was null and void and without force or effect so far .as the NWJ4 of the NWJ4 and the N% of the SWJ4 of the NWJ4, Section 6, Township 8 North, Range 10 West is concerned, because the tax sale did not reasonably identify that,property, and, further, that they received no notice of such sale and were without knowledge thereof.
In reconvention, defendants asserted ownership of said property and prayed that said tax sale be decreed null and void and that they be decreed the true and legal owners of said property and entitled to the possession thereof.
Plaintiff then filed a plea of estoppel, alleging that defendants are barred and precluded from contesting the correctness of the assessment inasmuch as neither they nor Mrs. Kirkpatrick rendered their property for assessment and. complied with the requirements of Section 3 of Act 182 of 1906, as amended, LSA-R.S. 47:1956.
Plaintiff additionally filed a plea of three and five years’ peremption under Section 11, Article 10, of the Constitution of Louisiana of 1921-LSA. Both pleas were referred to the merits, and after trial on the merits, the court sustained plaintiff’s plea of per-emption, and, accordingly, decreed plaintiff the owner of said property and as such entitled to the possession thereof.
From the judgment thus rendered and: signed, defendants, the heirs of Mrs. Jane Kirkpatrick, appealed. Plaintiff has not; answered the appeal.
The issues can be restricted to one, that as to the adequacy and sufficiency of' the tax adjudication to reasonably identify- or describe the property. If the tax deed is sufficient in this respect, although improper or erroneous, the jurisprudence is. well settled that the plea of peremption, would be applicable and was correctly sus-, tained in this case. On the contrary, if the-property was so inadequately described to, the extent that the property cannot be located or identified, the plea of peremption, would be inapplicable and could afford no. relief to plaintiff. The assessment sheet, page 4, designated “Ward 4 Non-Res.” for 1932 shows this assessment under No. 78: and the name and address of taxpayer as. “Kirkpatrick, Mrs. Jane, Boyce, La.”; number of acres, “48”; description of the property, “NEK of the NEJ4, N% of the SE& *370 of the SE14, Sec. 6-8-10; Wd. 24 acres 96; C-0 acres 96”. Then follows the actual cash value of $192 "for assessment purposes and the amount of taxes. “Wd.” evidently refers to woodland of 24 acres having an assessed value of $96, and “C-O”, to cut-over lands, 24 acres, likewise of a value of $96, or a total of $192.
LSA-R.S. 47:2181 provides for the advertisement and sale of property for delinquent taxes. This section, in part, provides :
“For the purpose of tax sales it shall be sufficient to advertise all property in the name of the person or persons, whether dead or alive, who at the time the assessment was made appeared to be the owners thereof upon the books, of the conveyance office in the parish of Orleans, and of the recorder’s office in the other parishes of the state.
“For the purpose of tax sales it shall be sufficient to assess and describe all property assessed in the following manner : by designating the tract or 'lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls or upon an official or private plan or sketch or by giving the boundaries or the names of the owners upon each side, or by the dimensions or-description or name given in the act translating the ownership thereof, or by such other further description as may ftirnish the means of reasonable identification.
******
“No tax sale shall be set aside or annulled for any error in description or measurement of ' the property assessed'in the name of the owner provided the property sold can be reasonably identified. * * * ” (Emphasis supplied.)
Title.47, Section 2184, of the LSA-Revised Statutes also provides:
' “The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is' the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties and costs. If the property is not divisible in kind and a part of the whole or undivided interest is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall -not entertain a bid in excess thereof. The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it •was owned by the delinquent taxpayer regardless of any error in the dimensions or description of the property as assessed and sold. The tax collector in the advertisement or deed of sale may give the full description according to original titles.” (Emphasis supplied.)
It is apparent that the property of Mrs. Jane Kirkpatrick was erroneously assessed by an incorrect description. That this was a clerical or typographical error was established by the testimony of Robert B. Jackson, who has been Tax Assessor of Sabine Parish since January 1, 1921. The property described in the erroneous assessment was owned by third parties, the taxes upon which were paid during January, 1933. According to the assessor’s testimony, no rendition of assessment was made by Mrs. Kirkpatrick for the year 1932 or for any years immediately preceding that date.
First for consideration is the inadequacy of the description of the property alleged as the ground for absolute nullity of the adjudication. Plaintiff contends, however, that this is barred as a ground of nullity by the peremptive provisions of the Constitution under the well established and recognized rule of law that if the description of the property in the assessment or the tax deed, although erroneous and improper, is reasonably sufficient to identify the property or to furnish’the means for identification, the peremptive provisions of the Constitution apply and the tax sale or adjudication is not subject to attack. There are numerous cases in our jurisprudence which *371 have recognized and applied the above rule of law. The Supreme Court has held that even the State or one of its subdivisions may plead the peremption established by the Constitution in a suit to annul a tax sale instituted more than five years after the recordation of the tax deed. See Westover Realty Co., Inc., v. State, 208 La. 163, 23 So.2d 33. The question, therefore, is whether the description of the property as contained in the documents under attack is so indefinite, improper and inadequate that the property which the instruments purport to convey cannot be reasonably identified. Errors as serious as these are not cured by the peremptive period.
In Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774, 775, wherein the validity of a tax sale was questioned as to the adequacy and sufficiency of the description, wherein the property was simply described as
“ ‘A certain tract of land situated on the right bank of the Mississippi River, and .designated as 768.16/100 acres. Parcel of land in T. 15 S.R. 24 E. West of River’ ”,
it was stated:
“In the jurisprudence of this state it is well settled and established that, where a tax sale is made under an assessment in the name of the owner and an error is made in the description of the land intended to be assessed, the tax sale under such assessment is valid if, notwithstanding the error in description, the land can be reasonably identified by the assessment or description as found in the tax deed, or if the description therein furnishes the means for such identification. Further, if a description of the property intended to he assessed or sold, is so indefinite and imcertain as to be defective, resort may he had to evidence outside the assessment roll or tax deed to identify the property, provided such evidence establishes unmistakably the identity of the property. The ‘cases generally hinge on the point as to whether the description is such as to enable interested per-. sons to identify the property. Tillery v. Fuller, 190 La. 586, 182 So. 683, and the numerous authorities therein cited; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566; Yuges Realty v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So.2d 607.
“With the foregoing rules in mind, let us examine the tax deed itself and all other evidence adduced outside the deed to determine whether the deed furnishes a means of reasonable identification, or, if not, whether the evidence adduced outside the deed unmistakably establishes the identity of the property.” (Emphasis supplied.)
By resorting to evidence outside and beyond the assessment roll or the tax deed to identify the property, the description was held to sufficiently and unmistakably identify the property. The court said:
“The description in the tax deed, therefore, when considered with the other relevant evidence, is sufficient to identify unmistakably the property sold at the tax sale in 1921 as the same property described in the 1914 deed to Barker, who the plaintiffs claim is their author in title and from whom they claim.”
Where, in Tillery v. Fuller, 190 La. 586, 182 So. 683, which also involved tax sales, the sufficiency of the descriptions of the property was in contest, the Supreme Court held that, although the descriptions were incorrect and improper, they were reasonably sufficient to identify the property and the sales were held valid. The errors complained of, similar to the errors complained of here, were stated by the Court on page 689 of 182 So., as follows:
“On June 23, 1900, Noah Tyson bought at a tax sale, under an assessment in the name of T. J. Wilson, a half interest in 160 acres of land which was described on the assessment roll and in the tax deed as the SH of SEi/4 and m/2 of SE14 of Section 14, T. 23, R. 16. It is contended by the defendants, heirs of Noah Ty *372 son, that this description was merely an incorrect description of the tract of 160' acres forming the SJ4 -of SE14 of Section 11 and N% of ‘NE% of Section 14, because T. J. Wilson owned' that tract of 160 acres, but did not own any part of the SEy of Section 14. [Emphasis supplied.]
“On July 15, 1911, Noah Tyson bought at a tax sale, under an assessment in the name of T. J. Wilson, a half interest in 240 acres of land described as S% of SE14 of Section 13, Ni/£ of NE}4 of Section 14, and WJ4 of NW14 of Section 13, T..23, R. 16; That is an accurate description of the 240 acres of land now in contest, except that the description in the tax deed calls for Sy of SEy. of Section 13, instead of the Sy of SE^y of Section 11. It is contended by the defendants, heirs of Noah Tyson, that number ‘13’, in the tax deed, is merely a clerical error,. intended for the number ‘11’) because the 240 acres of land which T. J. Wilson bought at the tax sale in 1890 included the Sy¿ of SE|4 of Section 11; and Wilson did not own- or claim the Sy of SE14 of Section 13, or the Sy of SE]4 of any other section except Section 11.” (Emphasis supplied.)
In discussing this phase of the case, the author of the opinion stated:
“Wilson had never had any interest in the 80 acres forming the Sy of SE]4 of Section 13, which -is apart from the 160 acres forming the. WJ/á of NWi4 of Section 13 and Ny of NE% of Section 14, and correctly .described in the assessment and in tire-tax deed. There is no doubt that, the figure ‘13’, first appearing in the assessment and in the tax deed, was intended for the figure Tl’, and hence there is no doubt that the 240 acres of land intended to be described'in the assessment is the land in contest in this Suit.' In the case of Vannetta v. Busbey, 131 La. 681, 60 So. 76, a tax sale of a quarter-section of land described in the assessment and in the tax deed as being in Tozvnship 8 was held to be a valid sale of the corresponding quarter-section in Township 9. In Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790, where, in the assessment to Hollings-worth, and in the tax sale, of 560 acres of land in Section 16, the 80 acres forming the wy of NEy, which belonged to Hollingsworth, was omitted, and the 80 acres forming the Wy of NWy, which did not belong to ITol-lingszvorth, was included, the tax sale was held to be a valid sale of the Wy¡ of NEy, belonging to Hollingsworth. In the case of Gayle v. Slicer, 188 La. 940, 178 So. 498, a tax sale of 80 acres of land described in the assessment as the Ey of Sivy of Sec. 8, T. 17, R. 11, was held to be a valid sale of the Ey of NEy of the section, after the lapse of three years from the date of the recording of the tax deed. According to these decisions, and the others which we have cited, the tax sale to Noah Tyson in 1911 was a valid sale of the Sy of SEy of'Section 11, after the lapse of three years from the date of the recording of the tax deed.”
In the Tillery-Fuller case it was also held that payment of the taxes on property erroneously described in an assessment, by its owners was not such a dual assessment or payment of taxes as to make .inapplicable the plea of peremption. In making .such payment the owners undoubtedly intended to make payment of their own taxes on their own property, and not the taxes due by the tax debtor on his property but which had inadvertently -and through error given the description of such other person’s property.
In Jackson v. Irion, 196 La. 728, 200 So. 18, 19, 133 A.L.R. 566, the validity of tax sale was upheld under an assessment for taxes of 1926, whe'rein the owner was designated and the property described as follows :
“ ‘Jackson, Willis
“ ‘One City Lot at Eola’.”
The deed executed pursuant to that tax sale' déscribed the property as “ ‘One City *373 lot in Eola’ ”. The Supreme Court affirmed the district court in sustaining pleas of three years’ peremption, the peremptive period under the Constitution of 1921 prior to its amendment in 1927 and in 1932, and of five years’ peremption, as provided by Article X, Section 11, of the Constitution, as amended. There the tax purchaser located the property and took possession; here the plaintiff, under a patent from the State, likewise located the property, took possession and is now and has been since 1947 •occupying the same. The court followed the holding in the Tillery v. Fuller case, supra, and, with the aid of evidence introduced outside of the assessment roll or the tax deed, held that in such cases the identification of the property intended to be assessed may be confirmed by proof that the party in whose name -the property was assessed did not own any other property in the section or other subdivision given in the assessment. 'The court then stated:
“It would subserve no useful purpose to review the jurisprudence further. It suffices to say that the property here involved was assessed in the name of the true or record owner, and that the description on the assessment roll and in the tax deed was such as to enable' the tax purchaser to identify the property and to enable the parish surveyor to find it on the ground; and further, that the testimony taken at the trial ■showed that the record owner of the lot sold owned no other property in the vicinity of Eola or elsewhere in the parish.
“Eola is not a village or a town, but is rather a community or settlement, which bears the name of a railroad station near by. There, are no streets or blocks laid off. The testimony shows that more than 40 years ago a man by • the name of Jase, who owned a tract of land near the railroad station Eola, sold to each of 9 or 10 persons a lot or plot, of ground. These lots or plots are of varying sizes, shapes,' and dimensions, and are all grouped together, as shown by a map filed, in one large' plot approximately 900 feet by 600 feet. The purchasers of these lots were colored people, who built their homes there; Willis Jackson being one of them. This settlement was referred to generally as ‘Eola Freetown’, and the testimony shows that the people generally knew what was meant when a lot in or at Eola was referred to. There is no other Eola in the Parish of Avoy-elles — no other settlement by that name.
“The parish surveyor made a plat of this Eola settlement in 1938, which plat is in the record. He testified that, when he was requested to make the survey and plat, he went to Eola and asked some of the settlers to show him the Willis Jackson lot, and that they promptly did so. He said he found no trouble whatever in locating the Willis Jackson lot. In making the survey and plat,'he used the descriptions found in the deeds made by Jase to the various purchasers.
“That the tax purchaser did locate the property and- take possession of it after his purchase is not disputed.”
The court held sufficient the testimony of the deputy tax assessor that there was no other property assessed' in the name of Willis Jackson in Avoyelles Parish in the year 1926 sufficient to establish that fact, particularly in view that no testimony was offered in rebuttal.
It was stated in Gayle v. Slicer, 188 La. 940, 178 So. 498, 500:
“If a tax sale is made under an assessment in which the description of the property is so defective or imperfect that resort must be had to evidence outside of the assessment, in order to identify the property intended to be assessed, but if the property intended to be assessed can be identified by such outside evidence, the invalidity in the tax sale is cured by. the prescription or peremption, of 3 years. Close v. Rowan, 171 La. 263, 130 So. 350.
“Aside from the fact that the error in the description in the assessment of *374 the land, in this case, was corrected before the sale was made, our opinion is that the land could have been identified by the description in the assessment, taken in connection with the fact —which was proved on the trial of this case, and was not disputed — that Jackson Gayle did not own any other land except the 80 acres described as the E. of N.E. 14 of section 8, T. 17 N., R. 11 W. It is well settled that the identification of the land intended to be assessed, when there is an error in the description in the assessment, may be established by proof that the party in whose name the land was assessed owned only one tract of land within the area or subdivision mentioned in the assessment.”
This court, in Brown v. Tauzin, La.App., 163 So. 764, 767, upheld the validity of a tax sale of the NWJ4 of the SWY&, Section 15, and the SWJ4 of NE14 and the SEJ4 o-f the NW%, Section 22, Township 9, Range 8 West, against a charge that the same was illegal, null and void, wherein the property was described as giving the correct subdivision and section numbers but declared said lands to be in Township 8, Rang,e 9 West. In the course of his opinion, Judge Taliaferro, as the organ of the court, stated:
“Defendant sought to prove by the tax assessor of Natchitoches parish, and others, that plaintiffs owned no land in Natchitoches parish at date of tax sale other than that described in their petition; that it was located in ward 1 of the parish; that defendant experienced no trouble in locating the land she went into possession of, and made no effort to take possession of the corresponding subdivisions in township 8, range 9 west; that township 8, range 9 west, is in ward 6 of the parish; that the tax assessor checked on his plat book the Brown lands in township 9, range 8 west, as belonging to Mrs. Tauzin after the tax sale; that the lands in township 8, range 9 west, were owned by other persons than plaintiffs in 1929, and taxes thereon paid prior to tax sale to defendant.”
This testimony was objected to on the ground that parol testimony is not admissible to change or vary a deed and that the evidence proffered was irrelevant and immaterial. The objections were sustained and defendant reserved a bill of exception, to which was attached the testimony sought to be introduced. In that regard it was stated:
“The excluded testimony was admissible under the well-established jurisprudence of the state. Its purpose was to establish reasonable identity of the land intended to have been assessed and sold to defendant. This is all that is necessary under the law, and especially under Act No. 140 of 1890. Where the description in the tax deed is uncertain, resort may always be had to title of the tax debtor, along with other pertinent evidence, in order to establish identity of the land intended to be sold for taxes. As the testimony excluded in this case was taken in ex-tenso and is in the record as part of the bill of exception, it may and will be given its due weight by us. It discloses that the only land owned by plaintiffs in Natchitoches parish in 1929 was that described in their petition, of which defendant took immediate possession following her purchase at tax sale; that her possession was undisturbed until filing of present suit in December, 1934; that said land is in ward 1; that the corresponding land in township 8, range 9 west, is in ward 6, and was then owned by other persons and taxes thereon timely paid. This testimony, supported by other of similar character, clearly shows that describing the land on the tax roll as being in township 8, range 9 west, was simply a clerical error on the part of the assessor, which was carried, in like manner, into defendant’s deed, and that plaintiffs’ land alone could have been intended.” (Emphasis supplied.)
*375 In support of the above ruling the following cases were cited: Willis v. Ruddock Cypress Co., 108 La. 255, 258, 32 So. 386, 387; Weber’s Heirs v. Martinez, 125 La. 663, 51 So. 679, 681; Gouaux v. Beaullieu, 123 La. 684, 49 So. 285, 289. In the Gouaux . v. Beaullieu case, cited supra, it was stated in quoting from Corkran Oil & Development Co. v. Arnaudet, 111 La. 563, 586, 35 So. 747, “ ‘Gellert did identify it [the land] and took possession as owner.’ ” Pierson v. Castell Land & Harbor Co., Inc., 159 La. 158, 105 So. 274, 276.
The Supreme Court reversed this court in the Brown v. Tauzin case but upon other grounds. 185 La. 86, 168 So. 502. See also Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195.
Defendants cite, in support of their contention, Morris v. Hankins, 192 La. 504, 188 So. 155, which is clearly distinguished from the case now before the court in that the description of the property was not even identified by the extraneous evidence offered to prove the identity of the property sold. Also cited was Fluker Farms v. James, La.App., 79 So.2d 166, and Quatre Parish Co. v. Beaufegard Parish School Board, 220 La. 592, 57 So.2d 197. Neither of these cases is applicable to the facts here. Both correctly hold that in view of the fact that the tax deeds accurately described an entirely different tract of land from that intended to be conveyed, its registration was ineffective as to third persons. No contention could be raised as to the correctness of that proposition. However, third persons are not involved in the instant case. The defendants at interest are the heirs of the tax debtor.
Article 10, Section 11, of the Louisiana Constitution of 1921, as amended, provides a. period of peremption of five years from the date of the recordation of the tax deed, after which a sale of the property for taxes shall not be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served Until the time of redemption shall have expired, (a period of three years dating from the recordation of the tax deed) and within five years from the date of the recordation of the tax deed, if no such notice was given. The tax adjudication of the property involved was duly recorded December 4, 1933, in the Conveyance Records of Sabine Parish, Louisiana.
Neither Jane Kirkpatrick nor her heirs have exercised any control or had any possession over the property since its adjudication to the State. .Therefore, plaintiff’s plea of five years’ peremption was correctly sustained. The Kirkpatrick heirs, having been divested of any title or interest in the property by the aforesaid adjudication, are without right or interest to question the validity of the subsequent proceedings wherein the State granted a patent to plaintiff, with the intent and purpose of conveying to plaintiff the property involved here, and as to which the State, represented by its proper officials, made no opposition.
Pertinent here is the holding in Willis v. Ruddock Cypress Co., supra, wherein plaintiff sought to recover property under facts similar to' defendants’ claim in this case, in which the court stated [108 La. 255, 32 So. 387]:
“This ground, as we understand it, is the same urged later in plaintiff’s brief, namely, that the officers in charge of the state land office were without authority to sell this land to W. R. Rutland' by patent, that the land could be validly sold only in pursuance of the statutes passed expressly to provide for the sale of lands acquired by the state at tax sale. The suit being a petitory action against a defendant claiming title, this title, if still vested in the state, would be just as effectual a bar to the suit as if vested in defendant; hence plaintiff has no interest in the question. Plen.La.Dig. p. 1114.”
*376 The judgment decreeing plaintiff the owner of the property is correct and will be affirmed.
For the reasons assigned, the judgment appealed is affirmed at appellants’ cost.
Affirmed.