CULPEPPER, Judge.
This is a petitory action brought by George H. Mills, Jr. and Nancy Mills Van Hoost as children and sole heirs of George H. Mills, Sr., and by Mrs. Caro Mills, surviving widow in community of George H. Mills, Sr.
Plaintiffs allege they are the owners of 'eighty acres of land located in Natchitoches Parish, described as the SE)4 of the NWJ4 and the SW14 of the NEJ4 of Section 25, Township 9 North, Range 10 West, and that defendant has taken possession of said land and claims to be the owner thereof. Plaintiffs also seek damages for timber removed from the property by the defendant. The defendant, Roy O. Martin Lumber Company, Inc., alleged that it acquired the property from W. P. Leonard and his wife, May Henderson Leonard, by warranty deed dated June 9, 1949. Defendant admitted that it was in actual possession of the property and pleaded the prescriptions of ten and thirty years acquirendi causa. Defendant further called in warranty its vendors, W, P. Leonard and May Henderson Leonard. In answer to defendant’s call in warranty, the Leonards alleged that the property is vested in the State of Louisiana by virtue of a Tax Sale in 1922 for taxes due for the year 1921 and that said property therefore belongs to the State and not to plaintiffs.
The District Court recognized plaintiffs as being the owners of an undivided one-half interest in and to only the SW14 of the NEJ4 of Section 25, Township 9 North, Range 10 West and overruled defendant’s pleas of prescription. Plaintiff’s claim for damages for timber cut and removed was nonsuited. Defendant was awarded judgment in the sum of $284.25 against its war-rantors, this being one-fourth of the total damages sought for breach of warranty. From this judgment plaintiffs and the war-rantors have appealed. Defendant has answered the appeal.
The evidence shows the following transactions affecting the property herein under consideration were duly recorded.
1) Cash Sale from W. D. Chew to W. P. Leonard and W. K. Henderson, Jr., dated August 16, 1951 conveying the 80 acres in dispute.
2) Cash Sale from William P. Leonard to George Mills dated October 2, 1915, conveying the entire 80 acres in dispute.
3) Cash Sale from Henderson Land, Timber & Investment Company, Inc., bankrupt, acting through its trustee, W. K. Walker to Mrs. May H. Leonard, of a one-half interest in said property, dated June 1, 1933.
4) Cash Sale from W. P. Leonard and May H. Leonard to Roy O. Martin Lumber Company, Inc., dated June 9, 1949, conveying the entire 80 acres in dispute.
5) Tax Sale from “George Miller” to the State of Louisiana, dated August 26, 1922, conveying property described as the “Southeast Quarter of Northwest Quarter (SE/4 of NW/4) and Southwest Quarter of Northwest Quarter (SW/4 of NW/4) Section 25-9-10.” for unpaid taxes of the year 1921. (Italics ours.)
The plaintiffs in proving their title introduced in evidence instruments (1), (2), and (3), as above shown, and in addition thereto a copy of a judgment recognizing plaintiffs to be the lawful heirs and widow of George Mills, Sr.
It is well settled that the plaintiffs in a petitory action must recover on the strength of their own title and not on the weakness of that of their adversaries, and must establish in themselves a perfect title, good against the world. If they fail to do-so, their right to be recognized as owners fails. In view of these well established *81 rules we must necessarily examine all of the instruments upon which the plaintiffs rely. In the sale from W. D. Chew to W. P. Leonard and W. K. Henderson, Jr., dated August 16, 1915, plaintiffs’ author in title, W. P. Leonard, acquired only a one-half undivided interest in the property. Although the deed from W. P. Leonard to George Mills, dated October 2, 1915, did not specify that Leonard was conveying only an undivided one-half interest, that is, all he owned, and all he could convey. Therefore, George Mills, Sr., owned only an undivided one-half interest which is all that passed on to his widow and children when he died in about 1936.
The next transaction appearing of record is that from the “Henderson Land, Timber and Investment Company, Inc.” to Mrs. May H. Leonard, wife of W. P. Leonard, dated June 1, 1933, wherein Mrs. Leonard purchased a one-half undivided interest in the property now under consideration. Plaintiffs assert that when Mr. and Mrs. Leonard acquired this one-half interest in the property in 1933 it inured to the benefit of their previous vendee, George Mills, Sr., under the after acquired title doctrine. Although this position might have prevailed, had the Henderson Land, Timber and Investment Company, Inc. owned title to the property, the record is entirely barren of any evidence of a conveyance from W. K. Henderson, Jr., to the Henderson Company. The after acquired title doctrine can therefore be of no aid to plaintiffs as Mrs. Leonard acquired nothing from the Henderson Company, which was not shown to be the owner of the property at the time of the sale to Mrs. Leonard or at any other time.
We note with some interest a letter addressed to defendant of date, June 6, 1949, introduced in evidence by the defendant and which reads in part as follows:
“ * * * by act dated May 25, 1949, and of record in Conveyance Book 208, page 498, Mrs. May H. Leonard, wife of W. P. Leonard, acquired title (of this property) from J. M. Grimmet, Referee in Bankruptcy, estate of W. K. Henderson * *
It was stipulated by counsel that this letter was to be admitted in evidence solely for the purpose of showing defendant’s good faith and not for the purpose of proving defendant’s title. The deed itself, referred to in said letter, was not filed in evidence and is not before us. Had such a valid deed been introduced, our conclusions herein could have differed as regards plaintiffs’ title.
We next consider the effect of the tax sale to the State of Louisiana, which is dated August 26, 1922. Plaintiffs take the position that the tax sale is and was an absolute nullity and therefore has no effect on their title. As above set forth, the property adjudicated to the State was assessed and sold for taxes in the name of “George Miller” (instead of George Mills) and in addition a part was erroneously described. The true description of the property is the SEJ4 of NWJ4 and SWJ4 of NE}4 of Section 25, Township 9 North, Range 10 West, whereas in the tax sale the property is described as being the SE(4 of NWH and the SW)4 of the NW1/4, Section 25, Township 9 North, Range 10 West. Furthermore, the assessment does not give the township, but this omission was corrected in the tax deed which shows “Section 25-9-10”.
As to the error in the tax debtor’s name, the jurisprudence is settled that this irregularity in a tax sale is cured by the prescription of five years set forth in Article X, Section 11 of the Louisiana Constitution of 1921 as amended, LSA. In Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607, 609, the court held as follows:
“This court has repeatedly held that, for the purpose of prescription under the Constitution, it is immaterial whether the assessment was made in the name of the true owner, or in the *82 name of another, or in no name at all. Griffing et al. v. Taft, 151 La. 442, 91 So. 832, and the long list of cases therein cited on this point; Tillery v. Fuller, 190 La. 586, 182 So. 683.”
The general rule of law as to the application of the five years prescription set forth in Article X, Section 11 of the Constitution is found in Housing Authority of New Orleans v. Banks, 224 La. 172, 69 So.2d 5, 7, as follows:
“The question propounded should he answered in the affirmative. An examination of the authorities discloses that only in two instances has the tax debtor a right to proceed to annul. These are where there has been a payment of the tax for which the property was sold and where the owner of the property has remained in physical possession. The intervenor has urged neither the one nor the other.”
There is no evidence in the record to show that the taxes for 1921 had been paid, nor do we find sufficient evidence to say that the owner remained in physical possession after the sale. As a matter of fact, plaintiffs have alleged that they are not in possession in order to bring this petitory action. Plaintiffs therefore cannot now urge the nullity of the sale, the right to do so having clearly perempted.
However, although plaintiffs’ right to assert that the nullity of the tax sale has perempted, there is a further question in this case as to whether the property was sufficiently described to constitute a conveyance of the eighty acres claimed by plaintiffs to the State of Louisiana. The applicable law is concisely set forth in Knapp v. Jefferson, Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774, 778, in which the Court held:
“In the jurisprudence of this state it is well settled and established that, where a tax sale is made under an assessment in the name of the owner and an error is made in the description of the land intended to be assessed, the tax sale under such assessment is valid if, notwithstanding the error in description, the land can be reasonably identified by the assessment or description as found in. the tax deed, or if the description therein furnishes the means for such identification. Further, if a description of the property intended to be assessed or sold is so indefinite and uncertain as to be defective, resort may be had to evidence outside the assessment role or tax deed to identify the property, provided such evidence establishes unmistakably the identity of the property. The cases generally hinge on the point as to whether the description is such as to enable interested persons to identify the property. Tillery v. Fuller, 190 La. 586, 182 So. 683, and the numerous authorities therein cited; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566; Yuges Realty Ltd. v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So. 2d 607.” (Italics ours.)
Applying the above quoted rules of law to the instant case, there can be no question but what the forty acres correctly described in the assessment and in the tax deed (i. e., the SE(4 of the NWJ4) was conveyed to the State. As set forth hereinabove, the error in the tax debtor’s name is now cured by prescription and the tax sale is good as to any property correctly described therein. Although plaintiffs argue that the omission of the township number in the assessment renders the entire description inadequate, it is noted that the township number is given in the tax deed and under the clear language of the Knapp case quoted above this forty acres “can be reasonably identified by the assessment or description as found in the tax deed”.
However, the remaining forty acres claimed by plaintiffs, i. e., the SWJ4 of the NEJ4 is not described in thei assessment or *83 the tax deed and the issue is whether, from the assessment roll or the tax deed, this forty acres can be reasonably identified as part of the property intended to be assessed and sold. An interested person searching the assessment roll or the tax deeds would of course have looked first for the name “George Mills” and would have found no such name assessed for taxes in 1921. Even if he had found that a man named “George Miller” was assessed for eighty acres, one forty acres of which was owned by George Mills, would this have reasonably led such an interested person to conclude that the assessment was actually intended to cover the entire eighty acres claimed by George Mills. We think not. The combination of the errors as to name of owner and description of property would most likely have caused the interested person to overlook entirely the possibility of any connection between this assessment and the eighty acres claimed by George Mills. It would be unreasonable and unfair to require an interested person to notice the remote possibility that although this is the wrong name and the wrong description it still might be that the assessment was intended to cover the property of George Mills.
Although the Knapp case, supra, holds that where the description is so “indefinite and uncertain as to be defective resort may be had to evidence outside the assessment roll or tax deed”, the description of the “SW14 of the NWJ4> Sec. 25-9-10” in the tax deed is not indefinite or uncertain. It described a particular forty acres with certainty, and consequently no resort may be had to evidence outside the assessment roll or tax deed to show that a different forty acres was intended.
We therefore conclude, that as to the SWJ4 of the NEi/i, Sec. 25-9-10 which is not described in the assessment or tax deed nor subject to reasonable identification as property intended to be assessed and sold, there was no conveyance thereof to the State by said tax sale in 1922.
In support of its plea of prescription of thirty years, the defendant, Roy O. Martin Lumber Company, Inc., argues that after W. P. Leonard deeded the eighty acres in question to George Mills on October 2, 1915, W. P. Leonard remained in possession and paid the taxes which would indicate that the deed from Leonard to Mills was either for the sake of convenience only or else that it described land that Leonard did not intend to convey to Mills. This argument has no merit. Actually the record does not show that Leonard remained in possession of this property after the said sale to George Mills in 1915 or that the Leonards ever paid the taxes thereon until the year 1949 when they sold to Martin. Clearly the evidence in this case does not warrant the application of the doctrine that a vendor, who remains in possession of the property which he has sold, may later urge a prescriptive title as against his vendee, because the vendor Leonard, has made no showing in this case that he remained in possession clearly hostile and opposed to the rights of his vendee. See Winn v. Calhoun, La.App., 94 So.2d 545 and the cases cited therein.
In support of its plea of ten years prescription, defendant contends that although this suit was filed five days before the tenth anniversary date of its deed from the Leonards, it is entitled under LSA-C.C. arts. 3493-3496 to tack the possession of the Leonards thereby making the sum total possession more than ten years. In this connection we note that the Leonards’ deed from Henderson Land, Timber & Investment Co., Inc., dated June 1, 1933, conveyed only an undivided one-half interest in the subject property and consequently under the holding in Boyet v. Brushwood Methodist Church, La.App., 98 So.2d 593, 595, and the authorities cited therein, the Leon-ards, could have acquired by prescription sion in good faith beyond the one-half interest which their deed purported to convey. Therefore, even if Martin could tack the possession of the Leonards, he could *84 establish title to no more than an undivided one-half interest in the forty acres which was not adjudicated to the State for taxes.
We note that in these proceedings Martin in its answer and call in warranty, has prayed only for judgment rejecting the demands of plaintiffs and has not prayed that its title, if any, be recognized. We have found plaintiffs, in this petitory action, to be the record owners of only an undivided one-half interest in forty acres and, as stated above, have found that Martin, even by tacking the possession of the Leonards, could have acquired by prescription no more than the remaining undivided one-half interest. It is therefore unnecessary that we pass on the question as to whether Martin has acquired ten years prescriptive title to a one-half interest because such a holding would not affect our recognition of plaintiffs’ title to the other one-half interest. The law is well settled that in a petitory action the court need not inquire into defendant’s title except insofar as it might affect the title which plaintiff has proved. Simmons v. Jones, La.App., 68 So.2d 663; Curry v. Henry, La.App., 29 So.2d 808; Cupples v. Harris, 202 La. 336, 11 So.2d 609; Code of Practice, Article 44.
We now take up plaintiffs’ claim for damages and defendant’s call in warranty against its authors in title. Plaintiffs introduced evidence to show the amount of timber cut by defendant from the entire eighty acre tract, but we have found plaintiffs to be the owners of only a one-half interest in and to the SW]4 of the NEj4, Section 25, Township 9 North, Range 10 West. We have no way to determine what amount of timber was removed from this forty acres. Therefore, we find the trial court was correct in nonsuiting plaintiff as to this demand.
As plaintffs have shown themselves to be the rightful owners of only a partial interest in the property under consideration, the defendant is evicted from this partial interest only, and it necessarily follows that its call in warranty is limited to the value of the interest of which plaintiffs are recognized as being the owners, plus consequential damages caused by breach of warranty. The trial court award of $284.25 has not been contested on appeal and will therefore not be disturbed.
For the above and foregoing reasons the judgment of the District Court is affirmed at appellant’s cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., dissents.