REID, Judge.
This is a suit to quiet a tax sale to property acquired by the plaintiff Lamar P. Harrison from the defendant Furmie Moody. The tax sale was held on November 26, 1932 covering a parcel of land in Section 3, T 9 S, R 14 E, situated in the Town of Sli-dell, St. Tammany Parish, Louisiana, by deed dated November 28, 1932 and recorded December S, 1932, COB 121, page 65 of the records of St. Tammany Parish.
Plaintiff alleged that the property described was the only property owned by the said Furmie Moody in the Town of Slidell in said Section 3, T 9 S, R 14 East, St. Tammany Parish. The petition, in addition, gives a description by metes and bounds which described the property as containing 7Y2 acres of land.
The petitioner alleges Furmie Moody, the former owner and his residence, if he be alive, is unknown and likewise the heirs of the former owner and their residences are unknown, that he made a diligent search and investigation and had not been able to find the former owner or his residence, or any of his heirs and their residence. An attorney-ad-hoc was appointed to represent the absent defendant and/or his heirs, should the defendant be dead.
Judgment by default was rendered and signed on June 12, 1964 quieting the title of plaintiff to the property as described in the surveyed description recognizing plaintiff as the sole and only owner thereof, and forever enjoining and prohibiting the said Furmie Moody, or his heirs, from claiming or setting up any right, kind or interest in and to the said property which is described as follows:
“7Yi acres of land lying and being situated in the corporation limits of the Town of Slidell and being a part of Section three, township nine south, range fourteen east of St. Helena Meridian, Louisiana, commencing by measure at the northeast corner of Dr. J. G. Smith’s tract of land going north *478 twelve chains, thence going west chains and thirty-five links thereto intersect with the southeast corner of Mrs. Brown’s tract of land which is also the NE corner of George Parkers tract of land, thence going South twelve chains and thirty-five links to the place of departure as described in act of sale by Edward Frederick to Furmie Moody passed before Frank W. Hosmer, Dy. Clerk of Court and Ex Officio Recorder of St. Tammany Parish, Louisiana, dated January 22, 1897, recorded on February 2, 1897 in C.O.B. ‘S’ folio 96 of the official records of St. Tammany Parish, Louisiana. The aforesaid property is more fully described as follows: ‘7Y2 acres of land lying and being situated in the Corporate limits of the Town of Slidell and being a part of Section Three Township Nine South, Range Fourteen East, St. Tammany Parish, Louisiana. Commencing by measure at the North East corner of Dr. J. G. Smiths tract of land going North twelve chains; thence going West six chains and thirty-five links there to intersect with the southeast corner post of Mrs. Brown’s tract of land which is also the northeast corner of George Parker’s tract of land; thence going South twelve chains; thence going.East six chains and thirty-five links to the place of departure.’ And being the same property acquired at Town of Slidell Tax Sale made by G. B. Harrison, Town Clerk, from the said Furmie Moody by authentic act passed before E. F. Hailey, Notary Public of St. Tammany Parish, Louisiana, dated November 28, 1932 and recorded on December S, 1932 in C.O.B. 121, folio 65 of the official records of St. Tammany Parish, Louisiana.”
Subsequent thereto on September 11, 1964 Lorenza Moody Claude, provisional administratrix of the Succession of Furnice Moody a- :d of the Succession of Ida Moody (Furnice Moody’s widow in community) alleging that Furnice Moody died in 1947 was substituted in her said capacity as party defendant therein and on the same date September 11, 1964 secured an order for a devolutive appeal to this Court which is now before us.
The appellant attacks the validity of the tax sale in question on the proposition that the description in the tax sale is such that the property cannot be reasonably identified. The tax sale, a photostatic copy of which is in the record shows that the property of the tax debtor was described as “parcel of land in Section 3, T 9 S, R 14 E, situated in the Town of Slidell, St. Tammany Parish, Louisiana” was sold and adjudicated to the plaintiff. There is no evidence of any adverse possession to Mr. Harrison by any one, or the payment of taxes by any one other than Mr. Plarrison. Mr. Harrison testified as a witness in his own behalf that he had made a search in the Clerk of Court’s Office and in the Assessor’s Office and found no other property belonging to Fur-mie Moody, other than the property described in the tax deed, nor did he find that Furmie Moody had been assessed with any other property other than that described in said tax deed. Mr. Harrison is an attorney at law of long experience.
Counsel for defendant argues that plaintiff’s testimony was a self-serving declaration. We cannot agree with this as the testimony concerned his examination and findings from the public records which were open to anyone. This testimony was objective and not subjective. It was information obtained from the public records, and not from his private records. It was clearly admissible.
This matter came up on default and the judgment from which this appeal is lodged is a default judgment. However, in appellant’s brief there is no mention made or attempt to urge that the taxes were paid for this year, or any subsequent year, by the Moodys or that they owned any other property than the subject property.
*479 Appellant relies very strongly upon the argument that the property could not be reasonably identified by the description in the tax deed. He cites several cases in support of this, namely, Jackson v. Bernstein, La.App., 39 So.2d 120; Brock v. E. McIllhenny’s Son, 136 La. 903, 67 So. 951; Mouton v. So. Saw Mill Company, 138 La. 813, 70 So. 813; Progressive Realty Co. v. Levenberg, 177 La. 749, 149 So. 444; Levy v. Gause, 112 La. 789, 36 So. 684, 685. We have no quarrel with this line of authority but we do not think it is applicable to this case and can be readily distinguished from it. Our Courts have modified the rule in these cases by applying the principle that where the tax sale covers all of the land owned by the tax debtor extrinsic evidence may be offered to identify the property.
In most of the cases cited by the appellant the tax collector purported to sell for delinquent taxes a portion of a larger tract of land owned by and assessed to the tax debtor and such sale of a portion of the property was too indefinite to support the tax sale. In Brock v. E. Mclllhenny’s Son, supra, the tax collector purported to sell “50 acres of land in the NE corner” of a larger tract of land. In Jackson v. Bernstein, La.App., 39 So.2d 120, the deed purported to sell “7 acres in the SW corner” of a 40 acre tract. In Levy v. Gause, supra, the Court held that the quantity was uncertain, being “80 acres, more or less”, and the northern and eastern boundaries were not given. There was no guide by which the property sold could be identified. We have no quarrel with these decisions but feel they are distinguishable from the case at bar and recent holdings of our Courts. Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566, was a suit involving the tax sale of “One City Lot in Eola”, the Court permitted introduction of extrinsic evidence outside of the assessment roll to identify the property and confirmed the tax sale on the grounds that the party in whose name the property was assessed did not own any other property. In Gayle v. Sheer, 188 La. 940, 178 So. 498, the Court held that the description was so defective that resort must be made to evidence outside the assessment to identify the property assessed and that proof the party in whose name the land was assessed owned only one tract of land within the area of the subdivision mentioned in the assessment validated the tax title after three years prescription. See also Knapp v. Jefferson-Plaquemines Draining District, 224 La. 105, 68 So.2d 774.
We feel that the Judge of the Lower Court properly rendered judgment in favor of the plaintiff on the question of sufficiency of description in the tax deed and the evidence in the record that there was no other property owned or assessed to the tax debtor.
Article 10, Section 11 of the Louisiana Constitution of 1921 reads as follows:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior t0‘ the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
This tax deed is admittedly over five years old and the prescription of five years set out in this Article is good.
The appellant next attacked the validity of the order appointing the attorney-ad-hoc on the grounds that (1) the tax purchaser’s name was Furnice, (2) that the man’s heirs lived in St. Tammany Parish, and (3) even though it was admitted that the tax debtor was dead the family could have been readily located or contacted.
The attorney-ad-hoc filed an answer in the record stating that he had mailed the papers to the defendant at Slidell, Louisi *480 ana, but they were returned to him. He further testified he was unable to locate the defendant, although he had attempted to do so.
The appellant argues that under the provisions of Louisiana Statutes 47:2228 a curator-ad-hoc may be appointed to represent the defendant in a suit to confirm tax title if the former proprietor (1) is unknown, (2) is a non-resident, or (3) if his residence is unknown. The plaintiff alleged that Moody, the former owner of the property, and his residence, if he had been alive, are unknown that likewise his heirs and their residences, if the said former owner be dead, are unknown and that petitioner although he has made diligent search and investigation has not been able to find the said former owner or his residence, or any of his heirs or their residences. We think this allegation is sufficient to warrant the appointment of a curator-ad-hoc.
 Appellant argues that because the name of the tax debtor was obviously known from public record he could not be said to be “unknown”. We find no merit whatever in this type of argument because when a man’s name appears as vendee in a deed many years ago is no evidence he is known by anyone at the present time. Appellant argues that the tax debtor was well known in a community the size of Slidell and that with little effort the plaintiff, or the curator could have located the heirs by merely inquiring at the property. If this is true it seems to us that the notice sent to him by the curator-ad-hoc would have been delivered without any trouble. Appellant argues in his Brief that the heirs had been living in Slidell all their lives and were well known in the community and in the neighborhood where the property is located. Of course, this is all cured by the prescription of five years as set out in the Louisiana Constitution, Section 11, Article 10.
Appellants last line of argument is to the effect that the man’s name was Fur-nice Moody and not Furmie Moody as set out in the tax deed and in the suit. A casual examination of the act of sale filed in the record would show that it is hard to distinguish whether the name is Furnice or Furmie and could be read to be either. However, our Courts have held that even if a tax sale and assessment were invalid because the property was not assessed in the name of the true owner the irregularity was cured by the prescription of five years. See Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607.
 Appellant next argues in a supplemental brief that the tax sale is null and void because it only gives the tax debtor one year from date of recordation to redeem the property and that this provision of the law had been amended by Act 228 of 1J>32 which made property sold at tax sale redeemable within three years, rather than one year. He argues that the tax sale is dated November 28, 1932, twenty days after the effective date of the Constitutional amendment. There is no proof in the record of this, however, the appellee in the supplemental brief annexed a certified copy of the Governor’s proclamation that the amendment had been adopted, dated November 18, 1932 and would not go into effect until twenty days thereafter. Since the date of the tax sale is November 28, 1932 the old law would govern and would make the redemption period one year. We realize that neither the statement in either Brief is of record but one certainly counter balances the other. However, be that as it may, if there was any invalidity on these grounds it would certainly be cured by the prescription of five years.
For the foregoing reasons the judgment of the Lower Court is affirmed.
Affirmed.