(123 So. 620)

No. 29717.

**WEBB v. SHIFLETT et al.**

June 17, 1929. Rehearing Denied July 8, 1929.

W. W. Wall, of New Orleans, for appellants.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

BRUNOT, J. This suit was filed June 12, 1926. It is brought under the provisions of Act No. 101 of 1898, to confirm a tax title to 2,000 acres of land in the parish of Terrebonne, which was adjudicated to the plaintiff by the sheriff and ex officio tax collector of the parish of Terrebonne on June 21, 1919, for the nonpayment of taxes levied and assessed against said property, in the name of W. C. Rheinarson, for the preceding year.

Plaintiff alleges in his petition that W. C. Rheinarson was a nonresident; that he is dead; that he left nonresident heirs whose names are unknown to petitioner; that Lee P. Lottinger, a resident of the parish of Terrebonne, and R. A. Shiflett and D. O. Harris, both of whom are unknown to petitioner, but both of whom, on information and belief, he alleges to be nonresidents, lay some claim to the property described in his petition; that should it develop that the persons alleged to be nonresidents are so in fact, that curators ad hoc be appointed to represent them; that more than three years have passed since the execution and recordation of his tax title, which is therefore quieted by the pre-emption and prescription provided by article 233 of the Constitution of 1913 and section 11 of article 10 of the Constitution of 1921.

The prayer is for service upon the several parties named in the petition and for a judgment decreeing plaintiff to be the true and lawful owner of the property and that no other person or persons have any claim therein or thereto. Citations were issued as prayed for. The sheriff's returns show that he could not locate any of the parties cited and that none of them were residents of the parish of Terrebonne. Thereafter, on the motion of counsel for the plaintiff, the court appointed curators ad hoc to represent each of the defendants. These curators qualified in the usual manner. The curators made no appearance, and on October 26, 1926, the plaintiff had a preliminary default entered against all of the defendants. On December 18, 1926, the preliminary default was confirmed and the court rendered a final judgment in favor of the plaintiff and against all of the defendants as prayed for in the petition, fixing the fee of the curators ad hoc at $20 each, to be taxed as costs, and decreeing that the defendants pay the costs of the proceeding. This judgment was rendered on December 18, 1926, and on December 7, 1928, R. A. Shiflett and D. O. Harris obtained an order of court and perfected a devolutive appeal to this court. Ten days after the transcript was lodged in this court, appellants filed an assignment of errors, in which they allege that it does not appear in the pleadings, evidence, judgment, or decree, when the title of appellants came into being, or whether they were former proprietors of the property or had any interest in it at the date of the adjudication thereof, at tax sale, to the plaintiff; that appellants were nonresidents and absent from the state; that the curators appointed to represent them made no appearance on their behalf; that

plaintiff proceeded under Act No. 101 of 1898, which act does not authorize the proceeding therein provided for against any one other than the former proprietor or proprietors of the property; that plaintiff has not alleged or shown that appellants ever acquired the property, or any interest therein, from any former proprietor or proprietors thereof; and that the notice required by the act, that the title would be confirmed if proceedings to annul it were not instituted within 10 days from the service of the petition and citation, was not given. Following the filing of the assignment of errors, appellants excepted to the petition as not disclosing a right or cause of action.

██ We have read the transcript carefully, and nowhere is it alleged in the pleadings, or otherwise shown, that appellants owned the property or any part of it or had any interest in it whatever at the time of the adjudication of the property to the plaintiff at the tax sale thereof in 1919 for the nonpayment of the taxes levied and assessed against it for the year of 1918, and nowhere is it alleged or shown that since said tax sale appellants have acquired the said property or any interest in it from any former proprietor or proprietors of it. There is an intimation in appellants' assignment of errors that they acquired the property four years after the tax sale to plaintiff, at a tax sale of the property for the nonpayment of the taxes levied and assessed against it for the year 1921. This, however, is foreign to the issue presented by the exception and it does not concern us now.

██ The pertinent part of Act No. 101 of 1898 is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That the manner of notice and form of proceeding to quiet tax titles in accordance with Article 233, of the Constitution, shall be as follows:

After the lapse of twelve months from the date of recording the tax deed, in the conveyance records of the Parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property. * * *

"Sec. 2. Be it further enacted, etc., That in actions to quiet tax titles as above set out, two or more former proprietors of separate tracts who have no privity or community of interest, may, at the option of the purchaser of said tracts, be joined and brought into court in one and the same suit.

"Sec. 3. Be it further enacted, etc., that in all cases where tax titles have been quieted by prescription of three years, as set out in said Article 233, the purchaser or his assignee may, if he so desires, obtain a judgment of the court confirming said title, same to be done by suit in the manner and form, as above set out, except that the delay for answer shall be ten days instead of six months: provided that the failure to bring said suit shall in no manner affect said prescriptive titles."

In our opinion, a suit to quiet a tax title must be brought against a former proprietor or proprietors of the property or some one claiming to have acquired from or through such proprietor or proprietors. As we have said, it is not alleged or shown that appellants had any interest in the property when it was sold for taxes in 1919, or that they have since then acquired any interest in it from any of its former proprietor or proprietors. Therefore we are of the opinion that the petition does not disclose a right or cause of action against them, and, for the reasons stated, it is decreed that the judgment, as to appellants, be and it is avoided. It is further decreed that appellants' exception of no right

or cause of action be and it is hereby sustained, and that plaintiff's suit be dismissed as to them; the appellee to pay the costs of this appeal.

O'NIELL, C. J., absent.