162 So. 769

**WALL et al. v. HAMNER.**

No. 33010.

July 1, 1935.

Rehearing Denied July 18, 1935.

Robert J. Newson, of Shreveport, for appellants.

Bertram F. Barnette, of Arcadia, for appellee.

O'NIELL, Chief Justice.

This is a petitory action to recover a cotton farm formerly belonging to the plain-

tiffs' mother, Mrs. Mary F. Wall. She died on the 22d of May, 1932. The suit was filed on the 14th of December, that year. The defendant set up a tax title, and pleaded the prescription of three years, under section 11 of article 10 of the Constitution. The judge of the district court sustained the plea of prescription and rejected the plaintiffs' demand. They have appealed from the decision.

The tax sale to the defendant was made on the 21st of June, 1924, for the taxes of 1923. The plaintiffs, on the trial of the case, challenged the validity of the tax sale, on the ground that the defendant, Hamner, was, at the time when he bought the property and for several years before, acting as the agent for Mrs. Wall, for the collection of her rents and the payment of the taxes on her farm, etc. It appears that Hamner was a merchant, and had been advancing the necessary supplies for the cultivation of the crops on Mrs. Wall's farm for several years previous to 1924. The farm was cultivated by tenants, on the share system, and the crops were delivered to Hamner every year, and Mrs. Wall's share of the crops was credited to her account; which was secured by a mortgage on the farm. It is said that Mrs. Wall was an invalid for many years previous to her death. She died at the age of 65. It is said that she depended upon Hamner to pay the taxes on the farm every year, and to charge the amount to her account. On the 5th of April, 1924, she gave Hamner a new mortgage for the amount of her in-

debtedness, $1,082.97, which is said to have included the taxes for the year 1923, which were then delinquent. Hamner did not pay the taxes, but allowed the farm to be sold for the delinquent taxes and bought it himself, for only $60.05, on the 21st of June, that year. His mortgage note was not then due; in fact it was payable on the 1st day of January, 1925. It is contended that Mrs. Wall's indebtedness to Hamner was extinguished by the proceeds of her share of the cotton crops which he received; and that he collected and retained also $700, or perhaps $715, for timber which was sold off of the farm. The plaintiffs contend that their mother never knew that Hamner had allowed her property to be sold for taxes. It appears that one of the plaintiffs discovered the fact only three weeks before this suit was filed.

Only two witnesses testified in the case, namely, William C. Wall, one of the plaintiffs, and W. L. Hamner, the defendant. He denied that he had ever paid taxes for Mrs. Wall. There is some doubt therefore as to whether she depended upon him to pay the taxes for 1923, and as to whether the amount of the taxes for that year was included in the amount for which she gave the mortgage on the 5th of April, 1924. If the amount of the taxes for 1923 was included in the amount for which Mrs. Wall gave Hamner the mortgage on the 5th of April, 1924, or if it was the custom for Hamner to pay the taxes for Mrs. Wall and to charge the amount to her account, he

had no right to take advantage of the failure to pay the taxes, by buying her property at the tax sale. One who is intrusted with the duty, or who has assumed the duty, of paying the taxes for a property owner, or whose custom it has been for several years to pay the taxes for the property owner, is guilty of fraud if he fails to pay the taxes and buys the property for himself at the tax sale, without informing the property owner. In such a case, the prescription of three years, as a bar to an action to annul a tax sale, does not begin to accrue as long as the one whose property was sold for taxes is not aware of the tax sale. Alexander v. Light, 112 La. 925, 36 So. 806.

The evidence of the fraud or imposition which is charged in this case is not so certain as to warrant an annulment of the tax sale. On the other hand, the evidence of the fraud or imposition is not sufficiently contradicted to justify an affirmance of the judgment rejecting the plaintiffs' demands. Our opinion is that the judgment should be one of nonsuit, so that the plaintiffs shall not be barred from bringing another suit, to annul the tax sale, if they have sufficient evidence of the fraud or imposition which they have charged.

The judgment appealed from, sustaining the plea of prescription of three years and finally rejecting the demands of the plaintiffs, is annulled and set aside, and the plaintiffs' suit is now dismissed as of nonsuit. The defendant is to pay the costs of this appeal. The plaintiffs are to pay the costs incurred in the district court.