TALIAFERRO, Judge.
Plaintiffs, alleging themselves to be the owners, but not in possession, of the following described 'land in Ward Four (4) of Avoyelles Parish, Louisiana, to-wit: “Forty (40) acres of land, situated in Ward Four of the Parish of Avoyelles, Staté of Louisiana, arid described as' being bounded on the North by P. Gremillion, South by Kimball, East by St. Martin and West unknown”, instituted this petitory action against the defendants, Gessley Daigrepont and Armand Charrier, wherein they seek to have their alleged ownership recognized and possession of the property delivered to them.
So far as is necessary for the purpose of this opinion, plaintiffs’ chain of title follows, viz:
1. Sale by tax collector to Irby H. Zim-mer, November 18, 1933, for taxes of the year 1932, under an assessment .in the name of Horace R. Gremillion, the record owner;
2. Sale by tax collector to Dorothy C. Golsan, June 13, 1938, for taxes of 1937, under an assessment in the name of Irby H. Zimmer;
3. Judgment of the District' Court for Avoyelles Parish, November 7, 1947, in suit of Golsan vs. Zimmer, confirming the tax sale to the former;
4. Notarial Act of sale from Dorothy C. Golsan to the plaintiffs for a cash consideration of $1,000, dated May 26, 1948.
Defendants assert ownership of the land and predicate their alleged ownership upon a tax sale to them under an assessment in the name of Heirs of Horace R. Gremillion, on August 28, 1943, for taxes of 1942. They attack the tax sale to Dorothy C. Gol-san as being null and void for the reason that when made, Irby H. Zimmer’s de-feasible title (by virtue of the tax sale to him) had been entirely set at naught through and by redemption thereof by the Gremillion heirs by payment of all taxes, interest and cost due to Zimmer to the tax collector. This occurred on December 5, 1936. The tax collector executed and delivered to the Gremillion heirs formal act of redemption, a copy of which is in the record.
The validity of the tax sale to Golsan is also attacked on the ground that the Gremil-lion heirs were not notified of the delinquency of the taxes for which the property sold, nor of the proposed sale in satisf action thereof.
Defendants also plead that immediately after they purchased the property at tax sale in 1943, they went into physical possession thereof, placed thereon improvements of the value of $2,000, had same annually assessed to them and paid all taxes due under said assessment; and in all other respects, exercised ownership and possession of the land. They pray should plaintiff prevail herein that there be judgment in their favor for the value of said improvements ; that they be not required to deliver possession until all taxes, with interest and costs expended by thém, be reimbursed to them.
Defendants also filed a plea of peremption of five years against the attack on the tax sale to them.
Plaintiffs attack the tax sale to defendants on the-ground that same is null and void because prior thereto the taxes -of 1942 were paid by Golsan under an assessment to her.
There was judgment rejecting plaintiffs’ demand and decreeing the land to be owned by the defendants. Their peremptory plea was expressly sustained. Plaintiffs appealed.
Presumably, Irby H. Zimmer who purchased the land at tax sale in 1933 for delinquent taxes under assessment thereof for the year 1932, in the name of Horace R. Gremillion, had the land assessed to him thereafter. It would have been the duty of the tax assessor to have made such assessments. We know that it was assessed to Zimmer for the year 1937, because the tax sale to Golsan was for taxes under an assessment for that year; and the record *365 indicates that thereafter the land was regularly assessed to her. It is so alleged.
There is in the record a certificate of the Tax Collector of Rapides Parish, which reads as follows, viz:
“This is to certify that all taxes for the years 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945,, 1946, 1947 have been paid on the following described property:
“40 Acres
N-P. Gremillion
S-Kimbal
E-St. Martin
W-Unknown
“Further, that for the year 1942, this property was assessed in the name of Dorothy C. Golsan and also in the name, of the Heirs of Horace Gremillion.”
As said before, defendants purchased the property for taxes of 1942 in the name of the heirs of Horace R. Gremil-lion. According to the quoted certificate the land was for this year also assessed to Dorothy C. Golsan, who held record title thereto. Regardless of the strength or weakness of her title, if she paid the taxes on the land prior to the tax sale to the defendants, that sale, of course, is an absolute nullity. It is not curable by the per-emption of five years. When taxes are once paid on a piece or parcel of property, regardless of all other considerations, it may not thereafter be legally sold in the name of other person or persons for the same year’s taxes. This is hornbook. Booksh v. A. Wilbert Sons Lumber & Shingle Company, 115 La. 351, 39 So. 9.
The tax collector’s certificate does not positively state that taxes under the Golsan assessment for' 1942 were paid prior to the tax sale to defendants. The infer-ence is that such was done. She sold the property to the plaintiffs a few years thereafter for a susbtantial price in cash. It is highly improbable that she would have neglected to pay her taxes regularly on property of that value.
. The condition of the record is not such that final judgment may be pronounced. Article No. 906, Code of Practice. In order to be in a position to do justice between the parties, the case will have to be remanded to the lower Court for the purpose of receiving'evidence as regards the payment of taxes for the year 1942 under the assessment to Dorothy C. Golsan, and," if paid, the date of. such payment.
Therefore, for the reasons herein assigned, the judgment from which appealed is annulled, avoided and .reversed; and the case is now remanded to the lower Court for the reason and purpose above set forth; and, after receiving' evidence relevant to said questions, the Court will render such judgment iñ the case as the law find evidence warrant.
Costs of appeal are assessed against the appellees. Fixing of liability for all other costs will await final judgment in the case. And, it is so ordered.