268 So.2d 92 (1972)
Harry A. WARNER
v.
William C. GARRETT et al.
No. 8951.
Court of Appeal of Louisiana, First Circuit.
October 2, 1972.
Rehearing Denied November 13, 1972.
Writ Denied December 21, 1972.
*93 Donald W. Kanuk, Jordon, Ponder & Kanuk, New Orleans, John D. Ponder, Amite, for appellant.
William J. Jones, Jr., Barranger, Barranger & Jones, Covington, for appellees.
Before LANDRY, SARTAIN and TUCKER, JJ.
LANDRY, Judge.
This is a petitory action in which the appeal by defendants, William C. Garrett, Frank B. Wood and Frank B. Wood, Jr. (Appellants) presents the single question of whether a decree of confirmation of a tax sale obtained by plaintiff's predecessor in title, is res judicata as to Appellants who derive title from the tax debtor by quitclaim deeds executed subsequent to the judgment of confirmation of tax title. *94 The trial court sustained plaintiff's plea of res judicata urged in defense of Appellants' reconventional demand. We affirm.
By this action plaintiff seeks recognition as owner of 20.85 acres of land situated in the North Half of the Northwest Quarter of the Northwest Quarter of Section 27, Township 6 South, Range 10 East, St. Tammany Parish. The salient facts are undisputed and are reflected by documents of public record. Subject property was acquired by James A. Burke from Alice Burke on September 29, 1917, pursuant to an act which described the property conveyed as the N ½ of the NW ¼ of the NW ¼, Section 27, T 6, R 10. On June 22, 1918, subject property, described as "20 ac in NW of NW of W ½ Sec 27%0", was adjudicated to the State of Louisiana for nonpayment of 1917 taxes assessed in the name of Mrs. Alice Burke. In 1942, subject tract was sold at tax sale to C. R. Schultz and J. E. Glisson, for nonpayment of 1941 taxes assessed in the name of James A. Burke. The property was again sold at tax sale to Herbert V. Rausch, on June 22, 1946, for unpaid 1945 taxes assessed in the name of James K. (A) Burke. It is conceded by all concerned that Burke's correct name is James A. Burke. By certificate of the State Land Office, dated June 16, 1967, the 1918 tax adjudication to the State was canceled on the ground that the description in the tax deed was so deficient that the property intended to be conveyed could not be identified. This cancellation was duly recorded June 19, 1967. In an action filed April 30, 1970, Rausch sought confirmation of his tax title adversely with James A. Burke and his Heirs, all of whom were represented by a curator appointed upon representation by Rausch that said parties were either absentees or their whereabouts unknown. Judgments were rendered in these confirmation proceedings in favor of Rausch on October 27, 1967, July 14, 1967, and July 24, 1967, confirming Rausch's tax title. Said judgments were duly recorded October 30, 1967, July 18, 1967, and July 25, 1967. Subsequently, by act dated June 29, 1968, plaintiff acquired subject property from Rausch, which transaction was recorded July 2, 1968. Thereafter, Appellants acquired by quitclaims from Alphonse M. Burke and Ethel L. Burke Rice, dated January 4, 1969 and January 2, 1969, respectively. This petitory action was instituted by plaintiff on March 30, 1970.
Appellants' position is that the 1918 tax adjudication from Alice Burke to the State was a valid tax adjudication which vested title to the property in the State. On this premise, it is contended that the 1946 adjudication to Rausch was an absolute nullity because property belonging to the state is exempt from taxation. Consequently the judgment of confirmation obtained by Rausch is also an absolute nullity. Appellants also assert the nullity of Rausch's confirmation judgment on the ground that said decree was rendered against the owners through a curator and the owners were not personally served in the proceedings. Lastly, Appellants suggest that the 1967 cancellation of the 1918 tax adjudication by the Register of the State Land Office was null and void in that it was an ex parte action and did not result from a contradictory judicial proceeding.
In sustaining plaintiff's exception of no cause of action, the trial court noted that plaintiff's chain of title derives from the 1946 tax sale from Burke to Rausch which tax adjudication was confirmed by final judgment from which no appeal was taken. In effect, the lower court held that the issue of the validity of Rausch's tax acquisition, and also the propriety of the cancellation of the 1918 tax sale, were before the court in the confirmation proceeding instituted by Rausch. The lower court also concluded that since neither question was raised in Rausch's confirmation action, said questions were put to rest as between the parties to the confirmation suit and their successors as well.
Plaintiff concedes that property once adjudicated to the State becomes public land *95 and cannot be taxed and sold for nonpayment of taxes so long as the State holds title. Plaintiff contends, however, that the foregoing rule does not apply until there has first been a valid tax sale to the State. Primarily, plaintiff maintains all issues respecting validity of the judgment obtained by Rausch, including the correctness of the tax sale cancellation, were settled by the judgment confirming Rausch's tax title. Secondarily, plaintiff urges that the 1918 tax sale to the State was void for lack of proper description of the property sold and that the 1967 cancellation of said tax sale was properly issued by the Register of the State Land Office.
Rausch confirmed his tax title pursuant to LSA-R.S. 47:2228, which provides:
"After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a nonresident of the state, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and sail curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.
"In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 11 of Article X of the Constitution of 1921, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles."
Since more than five years elapsed between the time of the tax adjudication to him and the institution of his confirmation action, Rausch followed the procedure provided for in the second paragraph of the above cited statute.
We find that Appellants' primary contention fails to distinguish between the alleged nullity of the tax sale which was adjudicated in the tax sale confirmation proceeding, and the purported nullity of the judgment rendered in said tax confirmation action.
We initially point out that, under the posture of this case, at this stage of the proceedings, we are not concerned with plaintiff's title to subject property. The sole issue before us is the alleged nullity of the judgment confirming the tax sale to plaintiff's predecessor in title.
It is settled law that an action to confirm a tax title is not intended to declare the tax purchaser's title good against the world, but serves only the limited purpose *96 of setting at rest the validity of the tax title sought to be validated. Folger v. St. Paul, 130 La. 1082, 58 So. 890.
In Fellman v. Kay, 147 La. 953, 86 So. 406, the Supreme Court noted the following concerning the purpose and effect of an action to confirm a tax title:
"It is plain that, when the tax purchaser avails himself of this proceeding under section 1 of the act, he does not place at issue the validity vel non of his tax title; he simply invites assault thereon; and it is equally clear that if no action to annul be brought within six months, the only judgment that the court is authorized to render is one quieting and confirming the title by rendering a judgment against the former owner, forever barring and prohibiting him from assailing the tax deed, for the sole reason that he has not brought his action to annul within the six months allowed therefor.
"It is quite clear that this suit to annul can be brought by the tax debtor either by an independent suit in that court or some other court of competent jurisdiction, or can be brought by way of reconventional demand, in which whatever invalidities or nullities there be in the tax title can be set up and prayer made for the annulment of the tax deed.
"In Ashley Co. v. Bradford et al., 109 La. [641,] 653, 33 South. [634,] 639, this court said:
"The constitutional provision under consideration does not seek to validate void or voidable tax titles. It does not merely prescribe a time within which a bad title may ripen into a good one. It does not establish a rule of property. Its object and effect is to bar by limitation the owner's remedy, if the time be suffered to elapse without suit. It bars all grounds or causes of action for setting aside the tax title save the two excepted from the operation of the provision. The constitutional provision takes nothing awayneither the right nor the remedy. It merely limits the time within which the original owner must present his claim. It really affirms the existence of a remedy, but limits its operation. The negligent owner is cut off by limitation because he failed to prosecute the remedy limited."
The circumstances under which a judgment may be assailed as null are prescribed and limited by statute. LSA-C.C.P. art. 2002 declares those judgments absolutely null which are rendered: (1) Against an incompetent not properly represented; (2) against a defendant who has not been duly served with process and who has not entered a general appearance or against whom no valid default judgment was taken; or (3) by a court lacking jurisdiction of the subject matter of the action. Article 2002, above, also provides that except as otherwise provided in Article 2003, an action to annul a judgment, on the grounds provided therein, may be brought at any time.
An absolutely null judgment is one wherein defects appear on the face of the proceedings or the court lacks jurisdiction. Garnett v. Ancar, La.App., 203 So.2d 812.
In support of their position, Appellants rely upon the well settled rule that prescription does not apply to an absolutely null judgment. Smith v. Taylor, 226 La. 235, 75 So.2d 850. Appellants also rely upon the rule established in Tracy v. Dufrene, 240 La. 232, 121 So.2d 843, to the effect that the absolute nullity of a judgment may be plead by the party against whom it is sought to be enforced. Lastly, Appellants invoke the rule that an absolutely null judgment has no existence in law and may be collaterally attacked by anyone against whom it is sought to be enforced since such a judgment can never attain the status of res judicata. We concede the correctness of the foregoing legal principles, but find they are without application to the case at bar.
*97 It is well settled that the grounds for declaring a judgment absolutely null are exclusive. Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521. In this instance it is of utmost importance that Appellants do not assail the judgment of tax sale confirmation on any ground within the purview of LSA-C.C.P. Art. 2002.
The only remaining grounds for assailing a judgment are those provided by LSA-C.C.P. art. 2004, which deals with vices of substance. In essence, Article 2004, above, provides that a judgment may be annulled for fraud or ill practice, provided the action to annul is brought within one year of discovery of the fraud or ill practice charged.
Appellants contend the alleged invalidity of the tax adjudication to the state in 1918 would have been a valid defense to Rausch's suit to confirm his tax title. Plaintiff argues this would not have been a valid defense considering the subsequent cancellation of said tax sale. Plaintiff also points out that Appellants have not alleged fraud or ill practice in the obtention of the judgment of confirmation. As also suggested by plaintiff, it is obvious that Appellants have urged no ground of absolute nullity under Article 2002, above. Neither have Appellants presented a claim of nullity for fraud or ill practice pursuant to Article 2004, above.
Appellants' contention that the judgment confirming Rausch's tax sale was void because rendered contradictorily with a curator, rather than the tax debtor or his heirs, is also without foundation. From the record, it appears the action was properly instituted through a curator. LSA-C. C.P. art. 5091 et seq., authorizes the appointment of a curator to represent a defendant who is an absentee, whose whereabouts are unknown or who is legally incapable of self-representation. In addition, LSA-R.S. 47:2228 expressly provides for the appointment of a curator to represent a tax debtor who is a nonresident, or unknown, or whose residence is unknown. Appellants have not contended that appointment of the curator was improper in this instance because the tax debtor was a resident, or was known, or that his whereabouts were known. The validity of a judgment confirming a tax sale is not affected by the fact that the proceeding was conducted contradictorily through a curator. Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409.
Conceding the tax sale to Rausch may have been absolutely null because title to subject property was then in the state, it does not necessarily follow that the judgment confirming the adjudication was an absolute nullity as to the parties thereto. It is well established that certain nullities attending tax sales are relative and are cured by the three and five year prescriptive periods provided by LSA-Const. art. 10, Sec. 11, and the statutes enacted by the legislature from time to time. Among these are failure to properly advertise (Robinson v. Williams, 45 La.Ann. 485, 12 So. 499); lack of notice (Skannal v. Hespeth, 196 La. 87, 198 So. 661); and sale for taxes which have prescribed (Fellman's Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405). Defects which have been held to render tax sales absolutely null, and therefore incurable by prescription, include prior payment of taxes and dual assessment (Gremillion v. Daigrepont, La.App., 47 So.2d 363); lack of assessment (Tillery v. Fuller, 190 La. 586, 182 So. 683); inadequate description (Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607), and fraud (Wall v. Hamner, 182 La. 1049, 162 So. 769).
The clear import of the jurisprudence as shown from the above quotation from Fellman v. Kay, and authorities there cited, is that those nullities which are absolute and therefore survive the prescriptive periods applicable in cases of this nature, must be asserted in defense of the action to confirm the tax title when such action is *98 instituted. Otherwise, they become res judicata as between the parties to the confirmation suit and their heirs and assigns.
This rule and principle was specifically recognized and applied in Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409, upon which the trial court relied in reaching its decision in this instance. Plaintiff in Roussel, above, obtained a judgment confirming his tax title and subsequently instituted a petitory action against the tax debtor's assigns. Defendants assailed the tax sale as being absolutely null on account of a descriptive error, and also attacked the judgment confirming the sale as void for alleged fraud. The Court, in Roussel, above, held that the alleged nullity of the tax sale was res judicata in that said issue was determined and set at rest by the confirmation action brought by Roussel. In disposing of defendant's claim that the confirmation judgment was absolutely null for alleged fraud, the Court in Roussel,; above, properly declined to apply the res judicata principle. Instead, the Court considered this latter issue in the light of LSA-C.C.P. arts. 2002 and 2004.
For the same reasons stated above, the issue of the alleged improper cancellation of the 1918 tax adjudication to the State is also res judicata. This question could and should have been raised in defense of the suit for confirmation instituted by Rausch. Van Norden v. Martin, La.App., 149 So.2d 684, cited by Appellants in support of their contention that the tax sale cancellation was improper, is inapplicable. The quoted authority did not involve a judgment which had become res judicata as to the issues involved in a suit to confirm a tax title.
Equally well settled is the rule that the principle of res judicata is binding upon one's heirs and assigns. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399; Coates Equipment & Service, Inc. v. Glover, La.App., 181 So.2d 455. Appellants are bound by the judgment rendered against their ancestor in title.
We reiterate that the judgment of the trial court, as affirmed by us, does nothing more than set at rest the validity of the tax sale relied upon by plaintiff, as between the parties to this litigation.
The judgment of the trial court is affirmed at the cost of defendants-reconveners.
Affirmed.