369 So.2d 713 (1979)
William C. GARRETT et al.
v.
Anna ERNEST, wife of/and Gilbert Ernest and many others.
No. 12414.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
*714 Charles E. McHale, Jr., New Orleans, for plaintiffs, appellants.
Larry J. Green, Philip E. Pfeffer, Covington, Richard L. Muller, Mandeville, James J. Whittenburg, Patrick J. Berrigan, G. Brice Jones, Slidell, for defendants, appellees.
Robert L. Bailey, III, Mandeville, for absent defendants, appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This appeal arises out of a petitory action brought by William C. Garrett, Frank B. Wood, Sr., Frank B. Wood, Jr., and John D. Ponder, seeking to be declared owners of a certain tract of land located in St. Tammany Parish and to have cancelled certain deeds and mortgages filed in the Mortgage and Conveyance Records of that parish.
*715 An answer and reconventional demand was filed by some defendants which assailed plaintiffs' alleged title and claimed they were the lawful owners of the tract in question as shown by the public records and by virtue of the acquisitive prescription of ten and thirty years. From a judgment dismissing their claims, plaintiffs have appealed. We affirm.
The suit involves a tract of land containing 120 acres which was originally owned by Hamp Robinson by virtue of a patent from the United States dated November 23, 1892, and described as follows:
The southwest quarter of the northeast quarter and the north half of the southeast quarter of Section 34, Township 8 South, Range 14 East, St. Tammany Parish, Louisiana.
The appellants pleaded their title as follows:
"(1) Patent by United States of America to Hamp Robinson, dated November 23, 1892, C.O.B. 43 folio 284.
"(2) Tax sale to George W. Gause for 1894 taxes in the name of Hamp Robinson, C.O.B. R, folio 48.
"(3) Tax Sale to Salmen Brick and Lumber Co. for 1931 taxes in the name of Hank Robinson, C.O.B. 121, folio 170.
"(4) Heirs of George W. Gause to William C. Garrett, Frank B. Wood, Sr., Frank B. Wood, Jr., and John D. Ponder, dated June 16, 1966, C.O.B. 425 folio 211.
"(5) Salmen Brick and Lumber Co. to William C. Garrett, Frank B. Wood, Sr., Frank B. Wood, Jr., and John D. Ponder, dated October 5, 1966, C.O.B. 438 folio 162.
"(6) Judgment William C. Garrett et als vs Hamp Robinson et als No. 26611, 22nd Judicial District Court of the Parish of St. Tammany, State of Louisiana, dated October 6, 1967, filed for record October 10, 1967, C.O.B. 475 folio 349." (Record, pp. 1, 2)
Defendants are numerous individuals who have held, or who now hold, various real interests in the property and whose interests were obtained, through mesne conveyances, from the original patentee, Hamp Robinson.
The trial judge found that Hamp Robinson lived on and farmed the property from the time he acquired it in 1892 until his death, the date of which is not in the record. During this period Robinson moved his house three or four times, and after he died, his widow continued to live on the property until her death. We note that the testimony of two witnesses also established that some of the grandchildren of Robinson still reside on parts of the tract. The evidence indicates, and the trial court found, that most of the defendants live on the tract in question. Having found the defendants to be in possession, the trial judge held plaintiffs must make out their title good against the world under Article 3653 of the Louisiana Code of Civil Procedure.
Plaintiffs based their claim of ownership on two separate tax sales, one to George Gause (Gause deed) on June 23, 1895, and one to Salmen Brick and Lumber Company (Salmen deed) in 1932.
The Salmen deed was executed on December 10, 1932, for unpaid taxes assessed in the name of Hank Robinson on property described as:
"80 Acs. Sec. 33-9-14, situated in Ward 8, Parish of St. Tammany, Louisiana." (Exhibit "P-3")
The defendants objected to the admission of this tax deed on the grounds that on its face it bore no relation to the property in controversy since it described property apparently in another section and township and there was no proces-verbal to indicate an error had been committed. The trial judge postponed ruling on this objection and later found it unnecessary to do so in rendering his judgment.
The Gause deed was executed on June 22, 1895, after a sale for unpaid taxes for the year 1894 assessed in the name of "Hemp Robertson" on property described on the tax rolls as "120 [acres] Land & imp. T. 9. R. 14 E." The deed described the property *716 being sold on that day as belonging to Hamp Robinson and being:
"121 20/100 acres of land & improvements SW ¼ of NE ¼ N ½ of SE ¼ of Sec 34, To 8 R 14 E Parish of St. Tammany." (Exhibit "P-2")
Plaintiffs trace their title from this sale to a quitclaim deed executed by Gause's heirs to them in 1966. They also claim that this title is unassailable, based upon a judgment in an Action to Quiet Tax Title brought under LSA-R.S. 47:2228 (hereinafter referred to as "confirmation suit") entitled "William C. Garrett, Frank B. Wood, Sr., Frank B. Wood, Jr., and John D. Ponder vs. Hamp Robinson and Jane Scott Robinson and/or Their Heirs," No. 26,611, obtained in the Twenty-second Judicial District Court for the Parish of St. Tammany, which judgment is now final.
Defendants resisted plaintiffs' claim citing, inter alia, the following:
(1) It is not bound by the confirmation suit since none of the defendants were made parties thereto.
(2) Even if it were to be construed that they were bound, the judgment in the confirmation suit is, nevertheless,
(a) absolutely null for lack of service and citation under LSA-C.C.P. art. 2002.
(b) relatively null under LSA C.C.P. art. 2004 for fraud and ill practices
(3) It may attack the Gause deed because
(a) peremption of three and five years has been interrupted since Hamp Robinson's heirs and assigns have resided continuously on the property since 1894
(b) the defects of the tax sale are those which cannot be cured by peremption, i. e.:
1. that the property description in the assessment was so deficient as to constitute no assessment at all
2. that G. H. Gause was the tax assessor at the time of the sale which was and is contra bonos mores

(4) The judgments of possession in the Successions of Kate Gause and George Gause were inadmissible since not specifically pleaded in plaintiffs' chain of title and, hence, plaintiff could not show an unbroken chain of title back to the sovereign.
The trial judge held that the confirmation suit was an absolute nullity and that it was an essential link in plaintiffs' chain of title, and therefore, dismissed plaintiffs' claims since they were unable to show an unbroken chain of title back to the sovereign.
It is unclear whether the trial court declared the confirmation suit an absolute nullity under Article 2002 for lack of service and citation or a relative nullity under Article 2004 for fraud and ill practices. In the petition in that suit, the appellants herein alleged that they:
"exercised due diligence to discover the whereabouts of defendants [Hamp Robinson and Jane Scott Robinson] and/or their heirs and the existence or whereabouts of same are unknown." (Petition in Suit No. 26,611)
The petition further alleged that "the * * * described property is unimproved and vacant" and prayed that a curator ad hoc be appointed to represent the absent defendants. The trial judge, in his opinion, said:
"There is a very serious question of the validity of the judgment obtained in the suit to quiet this tax sale. The defendants in that action were Hamp Robinson and Jane Scott Robinson and/or their heirs. These defendants were represented by a court appointed attorney since their whereabouts were unknown. At the hearing of this matter the attorney for the defendants reported to the Court that he had checked the Registrar of Voters' records for the names and addresses of defendants and found nothing. No further steps were taken to locate defendants or their heirs. The attorney then stated that he could not locate the defendants or their heirs. One of the plaintiffs testified at this hearing that he had located `quite a few' of Hamp Robinson's heirs and had obtained a quit claim from some of the heirs he had located.

*717 Under these circumstances, the fact that defendants were not contacted or given a chance to come forth and assert their defenses renders the judgment obtained in the tax title confirmation null and void insofar as it purports to be a link in plaintiffs' chain of title." (Record, pp. 451-452)
The court made no determination as to the validity of the tax sale itself.
Appellants assign inter alia the following as errors by the trial court.
(1) Finding a confirmation judgment as a necessary link in a title containing a tax deed without which a petitory action cannot succeed.
(2) Finding the confirmation judgment to be a nullity.
(3) Finding that the testimony established that Hamp Robinson lived on and farmed the property in question from about the time he acquired it, until the time of his death.
(4) Not sustaining appellants' pleas of three- and five-year peremption pursuant to the 1879, 1898 and 1921 Constitution.
(5) Not sustaining appellants' plea of prescription of ten years pursuant to LSA-R.S. 41:1328.
(6) Excluding evidence of the judgments of possession in the Succession of G. W. Gause, et al., on the basis that same were not pleaded.

BURDEN OF PROOF
With regard to petitory actions, LSA-C.C.P. art. 3651 provides:
"The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership."
LSA-C.C.P. art. 3653, in pertinent part, provides:
"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
"(1) Make out his title thereto, if the court finds that the defendant is in possession thereof * * *"
It is well settled that when the defendant is in possession, the plaintiff must rely on the strength of his own title and not the weakness of that of his adversary, and the title of the defendant is not at issue until plaintiff has proved valid title in himself, e. g. Montgomery v. Breaux, 297 So.2d 185 (La.1974). A plaintiff makes out his title when he proves his ownership either by an unbroken chain of valid transfers from the sovereign or an ancestor in title common with the defendant, or that he has acquired the property by the prescription of ten or thirty years. Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974); Bishop Homes, Inc. v. Devall, 336 So.2d 313 (La.App. 1st Cir. 1976), writ denied 338 So.2d 1155 (La.1976). Finally, if the plaintiff should fail and be unable to make out his title good against the world, his demands must be rejected even if defendants have no title to the property; e. g., Osborn v. Johnston, 308 So.2d 464 (La.App. 3rd Cir. 1975), affirmed, 322 So.2d 112 (La.1975).
The trial judge found that most of the defendants were in possession of the tract. Our review of the evidence indicates that at the time of this suit, of the twenty-six or so witnesses holding title to various parts of the tract who testified, only two could be classified as not being in possession.[1] As to the remaining areas of the original tract which were never alienated by Hamp Robinson or his heirs, testimony of two credible witnesses established that several of Hamp Robinson's grandchildren have continued to live on the property since Hamp Robinson's death. We, therefore, find no manifest error in the finding by the trial court that defendants are in possession.

*718 GAUSE DEED

Confirmation Proceedings
Appellants claim the trial court erred in annulling the judgment obtained by them in the Action to Quiet Tax Title entitled "Garrett v. Hamp Robinson, et al." The applicable statute relied upon by defendants is LSA-R.S. 47:2228, which provides:
"After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a nonresident of the state, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.
"In all cases where tax titles have been quieted by prescription of five years under the provisions of Section [11] of Article [X] of the Constitution of [1921], the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or her option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles."
Appellants claim that the law does not require them to name in their suit, nor make service or notice upon, any heirs or assigns of the original tax debtor and rely upon Stockbridge v. Martin, 162 La. 601, 110 So. 828 (1926). It is true that in Stockbridge the Supreme Court recognized that:
"The statute does not provide nor did it contemplate that every person having some color of title to the property or some supposed right thereto should be notified and brought into the proceeding to quiet the tax title. The statute merely requires that the suit may be instituted by petition and citation, as in ordinary actions against the former proprietor or proprietors of the property, and this could only mean the former owner as disclosed by the record and assessment." (110 So.2d at 832)
However, in Webb v. Shiflett, 168 La. 920, 123 So. 620, 621 (1929), the Supreme Court implied that there may be times when an heir or assign should be made a party to such an action:
"In our opinion, a suit to quiet a tax title must be brought against a former proprietor or proprietors of the property or some one claiming to have acquired from or through such proprietor or proprietors. * * *"
We believe that one such time is when the existence and whereabouts of heirs or assigns of the former proprietor and tax debtor are within the actual knowledge of the person or persons seeking to confirm the tax title, or the heirs' or assigns' existence and whereabouts are so easily determined *719 that it can be inferred that no reasonable attempt at all was made to locate the same. This is especially true where the period of time between the tax sale and confirmation proceeding is so lengthy that it may be presumed that the original owner is dead. Otherwise, the confirmation procedure would be an exercise in futility since it is designed to cut off defenses of the tax debtor, or one claiming under him, for defects in the tax sale not cured by peremption.
The confirmation suit was filed on May 31, 1967, and contained allegations by the appellants herein that "petitioners have exercised due diligence to discover the whereabouts of defendants and/or their heirs and the existence or whereabouts of same are unknown" and that "the above described property is unimproved and vacant." However, these allegations are contrary to certain affidavits of death and heirship dated October and November, 1966, filed in evidence by appellants in that suit containing statements by the following heirs of Hamp Robinson: Ike Robinson (son), Ike Robinson, Jr. (grandson), Will Ducre (grandson), Victoria Ducre Parker (granddaughter), Edward Ducre (grandson) and Alice Ducre Nicholas (granddaughter).
Even more amazing in light of the allegations that appellants were unable to locate any heirs of Hamp Robinson and the property was vacant and unimproved, is that William C. Garrett testified at the confirmation proceeding that he had located quite a few of the heirs and had acquired quitclaims from quite a few of them. In addition, the testimony by two witnesses at the trial herein established that a number of the heirs still reside on the property. These include, among others, Victoria Ducre Parker and Alice Ducre.
The evidence is overwhelming that at the time the confirmation suit was filed appellants knew of the existence and whereabouts of many of the heirs of Hamp Robinson. At least two of them still reside on the original tract.
It is well settled that the absolute nullity of a judgment may be pled by any party against whom it is sought to be enforced. Warner v. Garrett, 268 So.2d 92, 96 (La.App. 1st Cir. 1972), writ denied, 263 La. 987, 270 So.2d 123 (1972). Thus, plaintiffs' failure to comply with R.S. 47:2228, not filing suit against a former proprietor or proprietors of the property or some one claiming to have acquired from or through such proprietor or proprietors, renders the judgment a nullity.
Though one heir, Elijah Cooper, was served with the confirmation suit, he was not a named defendant in the suit. In light of all the attending facts, we find that service on an unnamed defendant is of no significance.
We, therefore, conclude that the trial judge committed no error in annulling the confirmation judgment asserted by appellants.

Peremption
This Court recently reviewed the jurisprudence relative to what defects in a tax sale are barred by the three- and five-year peremption of Article 10, § 11 of the Louisiana Constitution of 1921 in Warner v. Garrett, supra:
"* * * It is well established that certain nullities attending tax sales are relative and are cured by the three and five year prescriptive periods provided by LSA-Const. art. 10, Sec. 11, and the statutes enacted by the legislature from time to time. Among these are failure to properly advertise (Robinson v. Williams, 45 La.Ann. 485, 12 So. 499): lack of notice (Skannal v. Hespeth, 196 La. 87, 198 So. 661); and sale for taxes which have prescribed (Fellman's Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405). Defects which have been held to render tax sales absolutely null, and therefore, incurable by prescription, include prior payment of taxes and dual assessment (Gremillion v. Daigrepont, La.App., 47 So.2d 363); lack of assessment (Tillery v. Fuller, 190 La. 586, 182 So. 683); inadequate description (Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 *720 So.2d 607), and fraud (Wall v. Hamner, 182 La. 1049, 162 So. 769)." (268 So.2d at 97)
Since no valid confirmation judgment has been rendered, those defects which render a tax sale absolutely null may still be raised by defendants herein to defeat the tax title asserted by the appellants. Warner v. Garrett, supra.
Defendants-appellees claim the description of property contained in the assessment in 1894 was so vague as to constitute no assessment at all against the property of Hamp Robinson and no valid tax sale could occur as a result thereof. We agree.
We note three elements which combine to render the assessment invalid.
The property description on the 1894 tax rolls reads as follows: "120 [acres] Land & imp. T. 9. R. 14 E." The description fails to designate what parcels of land in the listed township and range are being assessed. Also, the description contains no section number and designates the property as in Township 9, whereas Hamp Robinson's property was located in Township 8. In addition, the property was assessed in the name of "Hemp Robertson" as opposed to "Hamp Robinson." Finally, there is no curative evidence in the record to indicate that the above property assessment referred to the property of Hamp Robinson in Section 34, Township 8, Range 14.
The Louisiana Supreme Court noted in Jackson v. Irion, 196 La. 728, 200 So. 18 (1941), the following:
"It is needless to cite authorities to support the proposition that a tax sale which describes no property, or which contains a description so vague, indefinite, and uncertain that the property intended to be sold cannot be identified, is no sale at all, and the peremptive periods specified in the Constitution do not apply.
"The jurisprudence applicable to cases of this kind was concisely stated by this court, through the Chief Justice as its organ, in a very recent case, that of Tillery v. Fuller, 190 La. 586, 182 So. 683, 704, as follows: `A tax sale made under an assessment in which the description of the property intended to be assessed is so defective that resort must be had to evidence outside of the assessment roll in order to identify the property intended to be assessed is protected by the limitation of three years if the assessment was made in the name of the true owner, or owner of record, of the property intended to be assessed, and if the identity of the property intended to be assessed is established unmistakably by such outside evidence. Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498.'
"In the same opinion we said: `In such cases the identification of the property intended to be assessed may be confirmed by proof that the party in whose name the property was assessed did not own any other property in the section or other subdivision given in the assessment. Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault's Estate, 128 La. 453, 54 So. 939; Vannetta v. Busbey, 131 La. 681, 60 So. 76; Landry v. McWilliams, 135 La. 655, 65 So. 875; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498.'" (200 So. at 19, 20)
The description, "120 [acres] Land & imp. T. 9. R. 14 E.," is vague and indefinite in that it fails to state in what section the property is located. Further the description is defective in that the property assessed is in a different township than the property later sold for the unpaid taxes.
The above defects in the description are not conclusive that the assessment was invalid, Jackson v. Irion, supra, nor is the fact that the assessment was made in the name of "Hemp Robertson," whereas the property sold belonged to Hamp Robinson. The appellants could have cured these defects by evidence outside the tax rolls that the property in question was indeed the property sought to be assessed. This the appellants failed to do.
*721 From the evidence in the record we are unable to conclude that the property sought to be assessed was the 120 acres owned by Hamp Robinson by virtue of a patent issued in 1892 and sold at the tax sale to G. H. Gause.
Appellants claim the defective assessment is cured by the notation on the assessment roll opposite the assessment, which reads:
"Sold to G. H. Gause 12120/100 acres and impro SW ¼ of NE ¼ N ½ of SE ¼ sec 34 T. 8, R 14 E. June 22, 1895"
We disagree. This notation was clearly written in by someone after the tax sale was completed and is not probative of whether the property sought to be assessed was actually the property sold.
We, therefore, conclude that the tax sale upon which appellants claim title was an absolute nullity due to lack of assessment and this defect was not cured by peremption of three and five years.[2]

Prescription
Appellants' last claim is that the trial judge erred in not sustaining their plea of prescription of ten years under LSA-R.S. 41:1328. We disagree. LSA-R.S. 41:1328 provides:
"A. Any person holding, or claiming immovable property under a deed made by a sheriff, or a tax collector, or other state or parish officer, which has been on record for more than ten years, and is, or purports to be, founded on a forfeiture for taxes theretofore had or made, or conveys or purports to convey an interest or title in such property acquired or pretended to have been acquired by the state, under a tax forfeiture, whether any such forfeiture actually took place or not, shall after the expiration of three years from July 7, 1904 be held and deemed to be the absolute owner of the property described in such deed, provided, they or their authors shall have paid, or do pay all taxes assessed against said property for such period of thirteen years. No court in this state shall thereafter entertain any suit to cancel or in any wise affect the title of any person or corporation claiming by, through or under such deed.
"B. The provisions of Sub-section A of this Section shall not apply whenever the original owner of the property was, on July 7, 1904, in the actual physical adverse possession of the property, nor, when such original owner has paid the taxes assessed against such property for any one year within ten years prior to July 7, 1904, or, within three years thereafter, has instituted a proceeding to cancel such tax deed or forfieture as a cloud upon his title."
The prescription of R.S. 41:1328 is inapplicable if the original owner paid taxes any one year within ten years prior to July 7, 1904, or within three years thereafter, or had actual physical adverse possession of the property on July 7, 1904. Neither party sought to introduce the tax records for the period between 1895 and 1910. However, the trial judge concluded in his findings of fact that Hamp Robinson possessed the property from the time the patent was issued until his death, and his heirs continuously thereafter. By implication, this means Hamp Robinson was in possession of the property on July 7, 1904. We find this conclusion to be a reasonable inference from the evidence before the trial judge and not manifestly erroneous.
The evidence shows that Hamp Robinson recorded his patent on November 7, 1905. We believe this to be a clear indication that as of that time he had not abandoned his interest in the property. Maurice Parker, 76 years old at the time of trial, testified that Hamp Robinson had lived on the tract in question for as long as he could remember. He recalled that Robinson moved his home three or four times to different locations on the tract prior to 1933. This Court was impressed with the great familiarity that this witness demonstrated with regard *722 to the Robinson family and the tract itself. The Reverend Tillotson, 66, also testified that he personally knew Hamp Robinson, that he purchased property for his church from Robinson in 1933, that Robinson lived on and farmed portions of the tract for as long as he could remember, that no one ever questioned Robinson's ownership of the land and that at the time the church was built (1933) Robinson's house had been there a long time.
We note also that Robinson exercised various acts of ownership during this period. In 1918 Robinson sold a portion of the tract to Gilbert and Anna Ernest; he sold another portion to Nelson Fields in 1920, just to name a few.
We believe that based upon the testimony of the witnesses concerning Robinson's living on the property and the general community attitude regarding his ownership at that time, together with the evidence of various acts of ownership contained in the public records, the trial judge could have reasonably concluded that Robinson possessed the property from the time the patent was issued.

Conclusion
The trial judge concluded that "plaintiffs have not proved their title to subject property good against the world." (Record, P. 453). In examining the evidence, we find no error in this conclusion. We conclude that appellants' claim to ownership based upon the Gause Tax Deed must fall, since that deed is based upon a tax sale without assessment which is an absolute nullity. Appellants' chain of title contains a break in its first link, the Gause Tax Deed, which was neither ratified by the confirmation proceeding nor rectified by peremption and/or prescription. Therefore appellants have failed to meet their burden of proof.

SALMEN DEED
On appeal, appellants have not pressed their claim to ownership based upon the Salmen deed. In brief, counsel for appellants indicated they would rely "primarily" on the Gause deed. We note, in passing, however, that the Salmen deed cannot be relied upon to establish ownership to the Robinson tract since the tax deed to Salmen refers to an entirely different parcel of property located in Section 33, Township 9, Range 14, and there is no proces-verbal contained in the public record to indicate any error was made in that description. This conclusion is further supported by tax receipts introduced by the defendants that Hamp Robinson paid taxes on his tract for many years following that sale.
For the above and foregoing reasons, the judgment of the trial court is affirmed, appellants to pay all costs.
AFFIRMED.
NOTES
[1] Assuming arguendo that none of the defendants received any right of possession from Elijah Cooper, an heir of Hamp Robinson from whom they purchased the property.
[2] Since we find the property was sold without assessment and this defect could not be cured, we find it unnecessary to determine whether peremption has been interrupted by the continuous possession by the heirs and assigns of Hamp Robinson since 1894.