LOBRANO, Judge.
This is an action to remove Harry Nowal-sky, appointed in decedent’s last will and testament, as attorney for the decedent’s estate.
On October 19, 1987 Dorothy Lawless executed a last will and testament in statutory form prepared and notarized by Harry Nowalsky. The will named Delores Tous-saint, executrix, and Nowalsky, attorney for the estate. Two days later, Lawless executed an olographic codicil wherein she made a special bequest of $50,000.00 to Nowalsky. The form of the codicil was also prepared by Nowalsky and allegedly copied by the decedent.
Lawless died on September 19, 1988. Nowalsky probated the will and its codicil and had Toussaint appointed executrix. On October 12, 1989 Toussaint filed the instant rule to have Nowalsky removed as attorney for the estate asserting that he was discharged by her and that Rule 1.16(a)(3) of the Rules of Professional Conduct obligate him to withdraw. Alternatively she asserted that pursuant to La.R.S. 9:2448(B)(2) just cause existed for his removal.
The trial court, finding just cause for Nowalsky’s removal, ruled in favor of the executrix and ordered his discharge. Now-alsky perfects this appeal wherein he asserts various errors which present the following issues.
1. Just cause cannot be predicated on a violation of the Rules of Professional Conduct since the Court has no jurisdiction to consider those violations. Therefore any evidence concerning professional violations was inadmissable.
2. The court erred by not maintaining the exception of res judicata predicated on a previous homologation order.
3. Alternatively, the court erred by not naming the “alternative” attorney designated in Lawless’ will.
The executrix argues that Nowalsky was obligated to withdraw when she terminated him on October 11, 1989. In support she cites Rule 1.16(a)(3) which mandates that a lawyer withdraw when he is discharged by the client. Alternatively she argues that just cause exists for his removal.
Rule 1.16(a)(3) appears to conflict with the provisions of R.S. 9:2448 which permit the naming of an attorney by a decedent in his last will and testament. However, we need not resolve that conflict since we find that sufficient just cause exists necessitating Nowalsky’s removal.
JUST CAUSE
A decedent may designate in his last will and testament an attorney to handle the estate’s legal matters and to represent the executor. La.R.S. 9:2448. That *1232 appointment is binding upon the executor, the heirs and legatees. Id. However, the attorney so designated may be removed for just cause. La.R.S. 9:2448(B)(2). The statute does not define just cause and we are unaware of any interpretative. Louisiana cases. We are satisfied, however, that at least two factual circumstances exists in the instant case which require Nowalsky’s removal.
(1) The Codicil
Pursuant to the olographic codicil Nowal-sky is to receive a $50,000.00 legacy. As a particular legatee his legacy will be satisfied before those of the residual legatees. The record is clear that the executrix desires to challenge the codicil’s validity. In fact, subsequent to Nowalsky’s removal, a petition to annul has been instituted asserting that the codicil was not entirely written or dated by the testator. When asked if he would have any interest in challenging the codicil’s validity, Nowalsky responded “Why should I?”
Rule 1.7(b) of the Rules of Professional Conduct provide that a lawyer shall not represent a client if that representation “may be materially limited by the lawyer’s ... own interests” unless the lawyer reasonably believes the representation will not be adversely affected and the client consents after consultation.
The evidence is clear that a conflict of interest exists. Based on the factual scenario presented by this case, it would be impossible for a conflict not to exist. It is obvious that the executrix and residual heirs desire to nullify the codicil, whereas Nowalsky’s own interest are clearly adverse. We conclude that this conflict satisfies the just cause requirement for removal.
(2) Real Estate Commissions
The estate owns various residential and commercial properties, including a funeral home valued at $2,000,000.00. Those properties were listed with the real estate brokerage firm of Martha Ann Samuels. The listing agent was Irvin Wallen. Nowal-sky’s wife is a licensed real estate agent. Each listing agreement provides that she was to receive a percentage of the listing agent’s fee. Although perhaps not as direct as the one discussed above, we perceive this situation as also presenting a conflict of interest which requires Nowal-sky’s removal.
Rule 1.8(a) of the Rules of Conduct provides, in essence, that a lawyer shall not acquire an ownership or other pecuniary interest adverse to a client unless the terms of the transaction are fully disclosed and are fair and reasonable, and the client has opportunity to seek independent advice and then consents to the transaction.
Although the listing agreements contain the split fee arrangement, the executrix testified she was unaware of that arrangement. More important is the fact that there were no negotiations between Wallen and the estate over the amount of the commissions. Wallen testified that he merely inserted a fee in the listing agreement with no effort made by Nowalsky to negotiate a lower fee.[1] The executrix testified no effort was made to negotiate the amount of the fee with her.
Nowalsky argues that this issue is premature or moot since none of the properties were sold and no commissions were actually paid. We disagree. This argument does not address the issue of whether his wife’s business arrangement with the estate conflicted with his representation to such an extent as to be just cause for removal. We hold that it does.
Nowalsky and his wife have been married for thirty five years. There exists no matrimonial agreement between them and any fees paid to Mrs. Nowalsky would be community funds. Clearly Nowalsky has acquired a pecuniary interest in the estate properties requiring adherence to Rule 1.8(a). Under such circumstances the attorney must take extra caution to make a full disclosure to those involved and to make certain that his interest will not compromise his representation of that estate. The record is clear that Nowalsky failed in *1233 this regard. Without full disclosure to the executrix and obtaining her consent thereto, Nowalsky’s interest in the real estate commissions to be earned on the estate property creates a conflict with his representation of the estate which we believes also justifies his removal.
Nowalsky argues that the trial court and this court are without jurisdiction to consider violations of the Rules of Professional Conduct. He asserts that the disciplinary branch of the Supreme Court has the exclusive jurisdiction to consider such matters. We disagree.
This case is not a disciplinary matter. The executrix does not seek to have Nowal-sky disciplined. The Rules of Professional Conduct can provide the standards by which the courts may determine if just cause exists under La.R.S. 9:2448 to remove an attorney. We are not attempting enforcement of the rules, but only using them as guidelines in our determination of just cause.
RES JUDICATA
The exception of res judicata was properly overruled. Nowalsky predicates his argument on the homologation of a tableau of distributino on March 29, 1989 wherein the executrix petitioned the court to pay estate debts including attorney fees. Clearly, the issue of Nowalsky’s removal was not before the court, nor was it decided by the Court. The court’s homologation of the tableau does not constitute res judi-cata.
ALTERNATIVE ATTORNEY
Nowalsky complains that the court erred by not appointing the “alternative” attorney named in Lawless’ will. That issue was not before the Court, nor did the alternative attorney seek appointment to represent the estate. That issue is not properly before us.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. There is no suggestion that the fees were unusually high or out of line with market rates in the area. However, the testimony shows that rates can be negotiated, but were not. *1246 190 La. 586, 182 So. 683); inadequate description (Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607); and fraud (Wall v. Hamner, 182 La. 1049, 162 So. 769).